REED, Judge.
This cause is here on a petition by Randy Leroy Larson for a writ of certiorari to the Florida Real Estate Commission. The purpose of the petition is to secure a review of a final order of the Commission rendered on 30 December 1968 which denied with prejudice the petitioner’s application for registration as a real estate salesman under the Florida Real Estate License Law, Chapter 475, F.S.1967, F.S.A. The respondents are the Florida Real Estate Commission and Jack King, a representative of the Commission.
The issue here is whether or not the proceedings before the Commission which terminated in a denial of the petitioner’s application were in accordance with the essential requirements of law.
The petitioner on August 7, 1968, filed his application with the Florida Real Estate Commission for registration. The application was filed on a form supplied by the Commission. Question number 9 on the form asked whether or not the applicant had ever been arrested for or charged with a commission of any offense against the laws of any state or nation, including traffic offenses, and called for details with regard to each such offense. In answer to question number 9 the petitioner answered in the affirmative, and indicated “reckless driving” as the only offense, but gave no further details.
After the filing of the application, the Florida Real Estate Commission entered an order authorizing the respondent Jack King to file with the Commission an information against the petitioner. This order was entered pursuant to Section 475.-26, F.S.1967, F.S.A., which provides that *887 the Commission may authorize a representative thereof to file an information against an applicant whenever facts appear from investigation that probably would warrant denial of an application for registration. This statute also provides that the case shall be docketed in the Commission records under the name of the representative. Pursuant to the Order an information was filed which alleged the fact of the application and the petitioner’s answer to question number 9. In addition, the information alleged that the petitioner failed to disclose in answer to question number 9 certain prior arrests. The information then went on to detail five prior arrests and convictions of petitioner which occurred over a period of time from 25 June 1962 to 9 December 1967. The information concluded with the following language:
“Wherefore, pursuant to Section 475.-26, Florida Statutes, the registration of the defendant, Randy Leroy Larson, as a real estate salesman should be denied because of facts concealed and not sufficiently disclosed in his application for registration as a real estate salesman by reason of which the defendant does not possess the necessary qualifications as required by Section 475.17, Florida Statutes, to-wit: honest, truthful, trustworthy, of good character.
“WHEREFORE PLAINTIFF PRAYS that this INFORMATION be filed and that notice thereof be given to the defendant, Randy Leroy Larson, and that other proceedings be had, all in accordance with the provisions of Chapter 475, Florida Statutes, and, if the evidence warrants, the defendant’s application as a real estate salesman be denied.”
A notice was served on the petitioner together with the information. The notice required the petitioner to file an answer to the information on or before 14 November 1968. In response he filed an answer in the form of an affidavit which stated that he had no intent to be dishonest in his answer to question number 9 and that he answered the question according to his understanding of what the question required. Following the filing of the affidavit the respondent King made a motion for a “Final Order.” The basis for the motion was that the petitioner by his answer admitted sufficient material facts alleged in the information to warrant the entry of a final order without the necessity of the taking of testimony. Following a hearing on the motion a final order was entered by the Commission which found that the petitioner was not qualified for registration in that he did not possess the qualifications of honesty, truthfulness, trustworthiness, and good character as required by Section 475.17, F.S.1967, F.S.A., and denied his application for registration with prejudice.
In our opinion the information was entirely sufficient to inform the petitioner of the nature of the charge against him and of the ground for his asserted disqualification, namely, that he lacked the character essential to registration [1] as shown by the facts which he omitted from his application. It appears to us, however, that the petitioner was denied due process of law by the procedure employed by the Real Estate Commission in arriving at its final order. Elementary concepts of constitutional law[2] as well as provisions of the Florida Administrative Procedure Act, Sections 120.20, 120.22, and 120.26, F.S.1967,[3] F.S.A., and the Florida Real Estate License Law, Section 475.27, F.S.1967, F.S.A., required that *888 the • petitioner be afforded an opportunity for an evidentiary hearing before his application for registration was denied.
The Commission took the view that the allegations in the information were admitted by the failure of the petitioner to deny the allegations and that the admitted allegations were sufficient to warrant a denial of registration without an evidentiary hearing. Granting the propriety of the Commission’s position that the factual allegations in the information were admitted, it appears to us that various conclusions could have been drawn from those facts with respect to the ultimate issue that was presented to the Florida Real Estate Commission by the information, namely, whether or not the petitioner possessed the necessary qualifications for registration, to-wit, honesty, truthfulness, trustworthiness, and good character as required by Section 475.-17, F.S.1967, F.S.A. Hence issues of fact did exist and an evidentiary hearing should have been held pursuant to Section 475.27, F.S.1967, F.S.A. The petitioner should have been provided in such hearing an opportunity to explain his various violations of the law and present whatever other evidence he might have relative to the ultimate issue. We express no view as to the sufficiency of the facts admitted by petitioner to warrant a denial of the registration. To do so now would be premature in view of our conclusion that petitioner has not been afforded a proper hearing in accordance with due process of law.
For the reasons stated above certiorari is granted and the order now under review is quashed. Pursuant to Section 120.31(2), F.S.1967, F.S.A., we remand this cause to the Florida Real Estate Commission for further proceedings in accordance herewith on petitioner’s application.
Certiorari granted.
McCAIN and OWEN, JJ., concur.

. Section 476.17(1), F.S. provides that an application for registration must make it appear that, “he is * * * honest, truthful, trustworthy, of good character, and that he bears a good reputation for fair dealing. * * * ”

. Murrell v. Florida Real Estate Commission, 1930, 100 Fla. 130, 129 So. 339.

. For a discussion of the provisions of the Florida Administrative Procedure Act relative to hearings see Wilson v. Pest Control Commission of Florida, Fla.App. 1967, 199 So.2d 777.