**Serafin CARMONA and Manuel Venegas et al., Plaintiffs,**

v.

**Gilbert L. SHEFFIELD, Director of the California Department of Human Resources Development, et al., Defendants.**

**No. C-70 2375.**

United States District Court, N. D. California.

March 24, 1971.

---

4. See *supra* 1.

Edward Newman, Stephen Manley, Grace Kubota, Gary Schwartz, San Jose, Cal., for plaintiffs.

Thomas C. Lynch, Atty. Gen., Richard L. Mayers, Deputy Atty. Gen., San Francisco, Cal., for defendants.

## MEMORANDUM OPINION AND ORDER

SCHNACKE, District Judge.

In this action, plaintiffs assert, on their own behalf and on behalf of a group of Spanish-speaking citizens whom they seek to represent as a class, that they are denied equal protection of the laws, essentially by virtue of the fact that the California Department of Human Resources Development, in con-ducting the State's program of unemployment insurance benefits, conducts its affairs, including the printing of its forms, the interviewing of applicants, the hearing of appeals, etc., in the English language. In support of their motion to dismiss, defendants by affidavits (which the Court in its discretion may consider, F.R.Civ.P., Rule 12(b)), assert that Spanish-speaking interpreters are available where needed, although the Court does not deem this fact to be essential to the resolution of this controversy.

In essence, plaintiffs' contention would require the State of California and, presumably, all other States and the Federal Government to provide forms and to conduct its affairs and proceedings in whatever language is spoken and understood by any person or group affected thereby. The breadth and scope of such a contention is so staggering as virtually to constitute its own refutation. If adopted in as cosmopolitan a society as ours, enriched as it has been by the immigration of persons from many lands with their distinctive linguistic and cultural heritages, it would virtually cause the processes of government to grind to a halt. The conduct of official business, including the proceedings and enactments of Congress, the Courts and administrative agencies, would become all but impossible. The application of Federal and State statutes, regulations and proceedings would be called into serious question.

For historical reasons too well-known to require review herein, the United States is an English-speaking country. Congress has seen fit to require at least an elementary understanding of the English language as a condition to naturalization, 8 U.S.C. § 1423(1).

The extent to which special consideration should be given to persons who have difficulty with the English language is a matter of public policy for consideration by the appropriate legislative bodies and not by the Courts. Attempts to do so within certain areas

have been made from time to time. E. G., A.B. No. 554, California Legislature, 1970 Reg.Sess., relating to the printing of various form letters, circulars, etc., in Spanish and Chinese. The attempt in this instance was unsuccessful.

Plaintiffs have cited no authority, and none has been found, to support the broad propositions advanced in the complaint.

■ This matter is before the Court on motions to strike as sham and to dismiss for failure to state a claim upon which relief can be granted. The latter motion is granted and the action is dismissed.