252 So.2d 396 (1971)
MIAMI DOLPHINS, LTD., Petitioner,
v.
FLORIDA DEPARTMENT OF COMMERCE et al., Respondents.
No. 71-450.
District Court of Appeal of Florida, Third District.
September 14, 1971.
*397 Robin A. Jacob, Minneapolis, Minn., for petitioner.
Patrick H. Mears, Tallahassee, and James R. Parks, Miami, for respondents.
Before SWANN, C.J., and HENDRY and BARKDULL, JJ.
HENDRY, Judge.
Petitioner, Miami Dolphins, Ltd. seeks a writ of certiorari here directed to the Industrial Relations Commission, Florida Department of Commerce, to review respondent's decision in an unemployment compensation proceeding.
On December 23, 1970, notice of an examiner's decision of a valid claim, filed by a certain claimant to be charged against the Miami Dolphins as the alleged employer, was mailed to the parties in that proceeding. On January 13, 1971, the Miami Dolphins filed the information which had been requested in the December 23, 1970 notice to show that benefit payments to the claimant should not be charged to the Miami Dolphins. The Bureau of Unemployment Compensation refused to consider the merits of the Miami Dolphin's position on the ground that the employer (Miami Dolphins) failed to reply within ten days. See § 443.07(3) (a) Fla. Stat., F.S.A. and 2 Florida Administrative Code, Ch. 8AU-1, § 1.15(6), and see generally § 443.12(2) Fla. Stat., F.S.A. The appeals referee considered the notice due, at the latest, January 2, 1971. Cf. Rules 3.4(b) (3) and 3.18, Florida Appellate Rules, 32 F.S.A. and Rules 1.090(a), (b) and (e), Florida Rules of Civil Procedure, 30 F.S.A. The employer filed an administrative appeal alleging that he had not received the December 23, 1970 notice until after the time for reply had passed, which allegation has not been contested.
The decision of the appeals referee was mailed to the employer, the decision being that he refused to consider the employer's claim on the merits. Under §§ 443.07(3) (a) and 443.08, Fla. Stat., F.S.A., the appeals referee held that the employer's failure to reply within the ten days rendered the original decision of the examiner final under the statute. The Industrial Commission denied the employer's appeal and adopted the decision of the appeals referee. There is no contention that the petitioner has failed to exhaust his administrative remedies.
We express the view that the petitioner should be permitted to present a defense to the failure to act within the ten day period.
At this juncture, the explanation, which stands uncontested on this record, is that the notice was not received until after the ten day period had run and that the failure to receive the notice in due course was due to the Christmas-New Year's mail glut.
The parties acknowledge that the general rule as to notice before hearing and notice of an administrative decision after a hearing is complete upon mailing, rather than upon receipt. See generally, 73 C.J.S. Public Administrative Bodies and Procedure § 149, pp. 482-483 and 2 Am.Jur.2d, "Administrative Law," § 431, pp. *398 240-241. The parties differ, however, as to whether § 443.07(3) (a), and implicitly Ch. 8AU-1, § 1.15(6) of the Florida Administrative Code, should be interpreted as deeming the notice complete on mailing or on receipt. The petitioner also questions whether the current administrative interpretation of the statute violates due process as applied to the facts hereunder, especially authorizing mailing the notice by regular mail, instead of registered mail, during the period of heavy holiday correspondence. We decline to pass upon such issues, however.
Our review of the agency order in question will be concerned with according the parties their constitutional and statutory rights, and to accomplish the purposes and objectives of the Administrative Procedures Act, as recently amended. § 120.31(2) (a), (c) and (d), Fla. Stat., F.S.A.; see generally Mark A. Evans, "Procedural Due Process; Florida's Uniform Administrative Procedures Act," 21 U.Miami L.R. 145, 165-170 (1966), discussing the law prior to certain amendments.
We note that both the hearing examiner, as well as the agency, have the power, subject to the agency's published rules, to dispose of procedural requests or similar matters and to enter any order to carry out the purposes of the Florida Administrative Procedures Act. § 120.25(7) and (8), Fla. Stat., F.S.A.
Therefore, we quash the order of the agency by issuance of the writ of certiorari which we now grant, so that the petitioner may be afforded an opportunity to present a defense if its failure to respond to the notice within the ten day period is shown to be due to non-delivery of such notice. Of course, we do not intimate any views as to the validity of the explanation or petitioner's ability to prove the facts upon which he would support such explanation. See generally Larson v. Florida Real Estate Commission, Fla.App. 1969, 227 So.2d 886.