MARIA DALOMBA vs. DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY.

Suffolk.    October 8, 1975. — November 10, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & WILKINS, JJ.

*Notice. Employment Security*, Procedure. *Constitutional Law*, Due
process of law.

A notice to a claimant of disqualification from receiving unemploy-
ment compensation benefits which clearly on its face complied
with the requirements of G. L. c. 151A, § 39, as appearing in
St. 1971, c. 957, § 1, and with a regulation of the Director of the
Division of Employment Security that each notice "shall state
clearly" the place, manner, and period for taking an appeal, was
valid and binding even though it was written in English only and
the claimant was an immigrant unable to read English.    [95-96]
Failure of a claimant to request a hearing within seven days after the
date a notice of a determination by the Director of the Division
of Employment Security that the claimant was disqualified from
receiving unemployment compensation benefits was mailed to her
barred review of such determination upon the claimant's
subsequent request therefor in view of the precise terms of G. L.
c. 151A, § 39, as appearing in St. 1971, c. 957, § 1, and of the
notice as to the period for a request for a hearing [96-97]; an ex-
tension of the seven-day period was not required as a matter of
constitutional due process by reason of the facts that the notice,
which was actually received by the claimant, who had previously
contacted the division regarding unemployment benefits, was
written in English only and she was an immigrant unable to read
English [97-98].

PETITION filed in the Municipal Court of the East Bos-
ton District on May 6, 1974.

The case was heard by *Rizzotto, J.*

*Robert L. Weiss, Jr.,* for the petitioner.

*Joseph S. Ayoub,* Assistant Attorney General (*William
D. Jackson & Frederick A. Harkins,* Assistant Attorneys

General, with him) for the Director of the Division of Employment Security.

TAURO, C.J.   This is an appeal pursuant to G. L. c. 151A, § 42, from a decision of the Municipal Court of the East Boston District upholding the decision of the board of review of the Division of Employment Security (board).   The board had refused to hear the merits of the petitioner's request for a hearing on her disqualification from receiving unemployment compensation benefits on the ground that the request had not been timely filed. This case raises the issue, discussed this day in *Commonwealth* v. *Olivo, ante,* 62 (1975), of the adequacy of English-only notice to persons not literate in English.

Briefly, the facts appearing in the report of the review examiner and in the report by the District Court judge are as follows:   The petitioner is a sixty-two year old Portuguese immigrant who can neither speak nor read English.   On October 15, 1973, several months after her employment had been terminated, the petitioner applied in person through an interpreter for unemployment benefits at the Chelsea district office of the Division of Employment Security (DES).   On October 30, 1973, a written notice was mailed to the petitioner notifying her that she was disqualified from receiving benefits because she had left her job voluntarily to seek new employment. The notice included a statement advising the petitioner of her right to a hearing on the decision and explaining the relevant procedure for claiming such a hearing.[1]   The notice was written in English and, although the

---

[1] The notice contained the following statement:   "YOU MAY REQUEST A HEARING ON THIS DETERMINATION  This determination will become final unless you request a hearing within five days from the date this notice was handed to you or, if mailed, within seven days from the date of mailing.   A request for hearing may be filed in your nearest public employment office or in any office of this Division.   If you request a hearing on this determination, you should continue to report to your employment office each week in which you are unemployed, in order to protect your rights to benefits."

petitioner received it, she was unable to understand its contents.

The petitioner took the notice to a Spanish-speaking neighbor who had some knowledge of English. The neighbor advised the petitioner that it "wasn't anything," and, as a result, the petitioner filed it away and ignored it. The petitioner did not report for her next scheduled DES appointment on November 6 because she had no one to accompany her and act as an interpreter.

On November 12, 1973, the petitioner, who had become concerned about the delay in receiving benefits, was advised by her daughter to go to the East Boston Workers Group for assistance. The petitioner went to the Group and a member accompanied her to the DES office the same day to file a request for hearing on her disqualification. A hearing was held on December 1, 1973, limited to the issue whether the petitioner's request for hearing was timely. The hearing examiner's decision on December 11 was to the effect that the request was not filed within the statutory time limit and thus the determination of the director was final.

The petitioner appealed this ruling to the board. Another hearing was held before a review examiner on March 6, 1974. The examiner's decision on March 28, 1974, stated that, although "there were extenuating circumstances connected with the late filing of the request for hearing . . . ." the request was in fact filed late, and G. L. c. 151A, § 39,[2] being mandatory, precludes allowance of an extension. Therefore, the appeal cannot be heard on the merits, and "[t]he decision of the Director is . . . affirmed."

The petitioner appealed to the full board for rehearing, and that application was denied on April 18, 1974.

---

[2] General Laws c. 151A, § 39, reads in pertinent part as follows: "A party entitled to notice may request a hearing within five days after receipt, but in no case more than seven days after mailing of said notice."

Shortly thereafter, the petitioner brought a petition for judicial review in the District Court. The District Court judge upheld the findings and the decision of the DES and ruled that the petitioner had not been "denied due process and equal protection of the law . . . ." The case is now before us for review.

1. General Laws c. 151A, § 39, as appearing in St. 1971, c. 957, § 1, requires that the Director, after making a determination as to the validity of a claim, "promptly give notice of such determination, together with the reasons therefor, to the claimant . . . ." The regulation adopted by the Director pursuant to § 39 makes this notice requirement explicit. It states that "[e]ach notice of benefit determination . . . shall, in addition to stating the decision and its reasons, include a notice specifying the claimant's appeal rights. The notice of appeal rights shall state clearly the place and manner for taking an appeal from the determination and the period within which an appeal may be taken." Division of Employment Security, Revised Rules and Regulations 40-1 (7) (1973). The petitioner contends that the "shall state clearly" requirement of Reg. 40-1 (7) is not met by English-only notice where the DES knows, or has reason to know, that the recipient of the notice does not speak or read English. We disagree.

The petitioner's argument is not that the notice *itself* is not clear, but only that the notice is not clear *to her* because she is not literate in English. We do not believe that a notice in English, clear on its face, is insufficient under the statute merely because, as to persons under a language disability, it may not actually inform.[3] English is the official language of this country and of this

---

[3] The petitioner argues that § 39 must be construed liberally in light of G. L. c. 151A, § 74. See *General Elec. Co.* v. *Director of the Div. of Employment Security,* 349 Mass. 207, 210-211 (1965), and cases cited. However, there is no basis for an expansive interpretation in the face of the plain words of the statute and the notice pursuant thereto. Cf. *Commonwealth* v. *Gove,* 366 Mass. 351, 354 (1974).

Commonwealth.  Official communications in the English language are reasonable and are sufficient to constitute effective notice.  *Conners* v. *Lowell,* 209 Mass. 111, 119 (1911).  See *Commonwealth* v. *Olivo, ante,* 62, 72-73 (1975); *Guerrero* v. *Carleson,* 9 Cal. 3d 808, 812 (1973), cert. denied sub nom. *Guerrero* v. *Swoap,* 414 U.S. 1137 (1974).  See also *Carmona* v. *Sheffield,* 325 F. Supp. 1341, 1342 (N.D. Cal. 1971), aff'd 475 F.2d 738 (9th Cir. 1973).

Were we to adopt the petitioner's arguments in this case, it might lead to a claim that a notice in English is insufficient as to illiterates and all non-English speaking persons.  We think this was not the intent of the legislation and we are not willing to impose so broad an interpretation on the plain language of the statute. This is especially true here where proceedings for benefit determinations must be simple and prompt.  Cf. *California Dep't of Human Resources Dev.* v. *Java,* 402 U.S. 121 (1971).  See also *Fusari* v. *Steinberg,* 419 U.S. 379, 387-389 (1975).  Thus, we conclude that the notice given to the petitioner complied with the applicable statutes and regulations.

2. The petitioner contends that the DES has improperly construed G. L. c. 151A, § 39, to bar review where the request for hearing is filed late, notwithstanding extenuating circumstances.  We cannot agree.  The terms of the statute and of the notice of decision mailed to the petitioner are quite precise in specifying the period in which request for hearing must be filed by a claimant.  Whether the request is viewed as the initiation of a proceeding, or, perhaps more properly, as in the nature of an "appeal," late filing is fatal.  On the latter hypothesis, the case is close to *Schulte* v. *Director of the Div. of Employment Security, ante,* 74 (1975), where we spoke of the consequences of noncompliance with appellate procedures and pointed to failure to file an appeal on time as a "prime example" of the kind of error or omission that calls for dismissal rather than some less severe sanction.

*Id.* at 79. It follows that we cannot create an exception to the statute unless, perchance, it is constitutionally required.[4]

The petitioner argues that an extension of the statutory seven-day period is constitutionally required on the ground that the English-only notice she received did not meet the requirements of procedural due process. Again, we disagree.

This is not a case where a notice, although mailed, was not actually received by the party entitled to such notice. Accordingly, we need not decide whether, in such a case, due process requires an exception to the seven-day rule. See *Eves* v. *Iowa Employment Security Comm'n,* 211 N.W. 2d 324 (Iowa 1973). Neither is this a case where the lack of proper notice is due to circumstances beyond the recipient's control. Again, it is not necessary for us to decide whether due process would require an exception in such a case. See *Miami Dolphins, Ltd.* v. *Florida Dep't of Commerce,* 252 So. 2d 396 (Fla. 1971). See also *Bogdanowicz* v. *Director of the Div. of Employment Security,* 341 Mass. 331 (1960); *Weiner* v. *Director of the Div. of Employment Security,* 327 Mass. 360 (1951). This is a case of actual receipt, where failure to have ascertained the contents and meaning of the notice is due to the recipient's inability to read English. The constitutional adequacy of such notice is governed, then, by our decision in *Commonwealth* v. *Olivo, ante,* 62 (1975).

In the *Olivo* case, we stated "the rule regarding the constitutional adequacy of notice as follows: where a party actually receives notice which would be constitutionally sufficient if the party were not under a disability, that notice is constitutionally sufficient as to a person

---

[4] *Gibson* v. *Unemployment Ins. Appeals Bd.,* 9 Cal. 3d 494 (1973), and *Flores* v. *Unemployment Ins. Appeals Bd.,* 30 Cal. App. 3d 681 (1973), cited by the petitioner in support of her position, are inapposite. The California statute in question in those cases specifically allowed the ten-day appeal period to be extended for good cause.

under a disability if (1) it would put a reasonable person on notice that inquiry is required, (2) further inquiry would reveal the facts necessary to understand the nature of the proceeding and the opportunity to be heard, and (3) the party's disability does not render him incapable of understanding the need for such inquiry." *Id.* at 69 (footnote omitted). Applying that rule to the instant case, we believe the notice was sufficient.

The petitioner received an official letter from the DES. She had previously contacted the DES regarding unemployment benefits. We believe a reasonable person would have been put on notice that an accurate translation was necessary. Further, such a translation would have informed the petitioner of her right to a hearing and of the necessity for claiming an appeal within the seven-day period. Finally, as in the *Olivo* case, the nature of the petitioner's language disability "was not such as would render [her] incapable of understanding the need for further inquiry." *Id.* at 70.

Thus, we believe the notice received by the petitioner was constitutionally sufficient, and in the facts and circumstances of this case, due process does not require an exception to the statute for extenuating circumstances.[5]

In light of what we have said, we believe the decision of the DES and the District Court judge were correct.

*Decision of District Court affirmed.*

---

[5] As stated in *Commonwealth* v. *Olivo, supra* at n.6, this result is the same whether or not the DES knew of the petitioner's inability to read English. However, we repeat that, although not required, it might be advisable, when possible, for the DES to give important written notices in the appropriate language in order to avoid undue and unnecessary hardship.