375 Mass. 507 507

Parents' Aid Soc., Inc. v. Director of Division of Employment Security.

PARENTS' AID SOCIETY, INC. *vs.* DIRECTOR OF THE DIVISION
OF EMPLOYMENT SECURITY & another.

Suffolk. May 4, 1978. — June 20, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, LIACOS, & ABRAMS, JJ.

*Notice. Employment Security,* Procedure.

If a party does not receive notice of approval of a claim for unemployment
benefits from the Division of Employment Security until after the time
for requesting a hearing under G. L. c. 151A, § 39, has passed and re-
quests a hearing on the day notice is received, its request for a hearing
would be timely. [507-509 ]

PETITION filed in the Municipal Court of the City of Bos-
ton on May 6, 1977.

The case was heard by *Umana,* J.

*Joan C. Schmidt* for the plaintiff.

*Frank J. Scharaffa,* Assistant Attorney General, for Di-
rector of the Division of Employment Security.

ABRAMS, J. Pursuant to G. L. c. 151A, § 42, Parents' Aid
Society, Inc. (Parents' Aid), appeals from the decision of the
Municipal Court of the City of Boston upholding the deci-
sion of the board of review of the Division of Employment
Security which determined that Parents' Aid's request for a
hearing was not timely filed.

The Division of Employment Security (DES) approved a
claim for unemployment benefits filed by a former employ-
ee of Parents' Aid. Notice of approval of that claim was
mailed to Parents' Aid on November 24, 1976.

Pursuant to G. L. c. 151A, § 39, Parents' Aid filed a re-
quest for a hearing on December 2, 1976, eight days after
the mailing of the notice by the DES. The hearing was
granted "for the purpose of establishing whether the request

for hearing was, in fact, timely." At this hearing Parents' Aid stated that it had not received the notice until December 2 and that immediately on receipt it contacted the DES to request a hearing. The review examiner determined that because the request for a hearing was not received within seven days of the mailing of the notice of approval of the claim, it was not timely filed.

Parents' Aid appealed this decision to the board of review which affirmed the decision of the review examiner. Parents' Aid's request for further review by the full board of review was denied. Parents' Aid then sought judicial review in the Municipal Court of the City of Boston which affirmed the decision of the board of review. It is from this decision that Parents' Aid now appeals.

At the time when Parents' Aid requested a hearing, G. L. c. 151A, § 39, as amended through St. 1971, c. 957, § 1, provided in part: "The director or his authorized representative shall promptly determine . . . whether or not a claim is valid, and the amount, if any, of the benefits payable thereunder, and shall promptly give notice of such determination . . . to the claimant, and in the event that the claim is declared valid shall give notice to any employing unit . . . . A party entitled to notice may request a hearing within five days after receipt, but *in no case more than seven days after mailing of said notice*" (emphasis supplied). The sole issue before us is whether if notice of approval is not received until after the time for requesting a hearing and if a hearing is then requested on the day that notice is received, the request for a hearing is timely filed.

The failure to file a timely request for a hearing is fatal to a party's right to have such a hearing. *DaLomba* v. *Director of the Div. of Employment Security,* 369 Mass. 92, 96 (1975). Concededly, Parents' Aid did not request a hearing within seven days after the mailing of the notice by the DES. However, the time limitation must be accorded an interpretation consistent with the remainder of the statute. See *SCA Disposal Servs. of New England, Inc.* v. *State Tax Comm'n, ante* 338, 341 (1978).

Since the statute requires notice to an affected party and since if a party does not request a hearing he loses his right to such a hearing, the statute appears to contemplate actual receipt of notice. See *SCA Disposal Servs. of New England, Inc.* v. *State Tax Comm'n, supra* at 340-342; *Gutierrez* v. *Board of Review*, 35 Ill. App. 3d 186 (1975). See also *DaLomba* v. *Director of the Div. of Employment Security, supra* at 97; *Miami Dolphins, Ltd.* v. *Florida Dep't of Commerce*, 252 So. 2d 396 (Dist. Ct. App. Fla. 1971). Thus, if a party does not receive notice from the DES until the time for requesting a hearing has passed, his failure to request a hearing during the seven-day period does not foreclose his right to a hearing. See *SCA Disposal Servs. of New England, Inc.* v. *State Tax Comm'n, supra* at 340-342; *Miami Dolphins, Ltd.* v. *Florida Dep't of Commerce, supra*; *Eves* v. *Iowa Employment Security Comm'n*, 211 N.W.2d 324 (Iowa 1973). See also *DaLomba* v. *Director of the Div. of Employment Security, supra* at 97-98; *Bogdanowicz* v. *Director of the Div. of Employment Security*, 341 Mass. 331, 332 (1960); *Weiner* v. *Director of the Div. of Employment Security*, 327 Mass. 360, 363 (1951).

We need not decide in this case the specific length of time within which a party must request a hearing if he has received notice from the DES after the expiration of the limitation period. Parents' Aid requested a hearing on the same day that it stated it received the notice from the DES. A response given on the day on which notice is received is sufficient to preserve a party's right to a hearing.

Thus, if Parents' Aid received the notice from the DES on December 2 and requested a hearing on that day, its request for a hearing was timely. The DES's decision rested squarely on the fact that Parents' Aid had not requested a hearing within seven days of the mailing of the notice. Although there is no dispute concerning the date on which Parents' Aid requested a hearing, no findings were made concerning the date on which Parents' Aid received the notice. This case must therefore be remanded to the DES for a determination on this issue.

The decision of the Municipal Court of the City of Boston is reversed. The case is remanded to that court for remand to the DES.

*So ordered.*