622 So.2d 187 (1993)
Roberto ALONSO, et al., Appellants,
v.
ARABEL, INC., et al., Appellees.
Nos. 92-1942, 92-2691.
District Court of Appeal of Florida, Third District.
August 17, 1993.
Terry A. Coble and Terrence A. Smith, Miami, for appellants.
John D. Maher, Tallahassee, for appellees.
Before NESBITT, BASKIN and FERGUSON, JJ.
PER CURIAM.
In these consolidated appeals, claimants argue for the reversal of the Florida Unemployment Appeals Commission's (FUAC) affirmance of two referees' decisions barring appeals as untimely. In the first of these consolidated cases, an unemployment referee granted Roberto Alonso unemployment compensation which Alonso's former employer subsequently contested. An unemployment compensation officer, finding that Alonso had been paid benefits while employed, terminated benefits. Alonso appealed. An appeals referee dismissed Alonso's appeal as untimely. The FUAC affirmed the referee's decision. Alonso claims his appeal was untimely because all notices sent to him were in English, notwithstanding the fact Alonso does not speak, read or write English and this fact *188 was known by the authorities. In the second of these consolidated cases, Dominga Rivas was denied unemployment benefits after being terminated. Thereafter, an appeals referee determined that Rivas had failed to appeal the denial of benefits within the prescribed twenty-day appeals period, and thus had forfeited the right to appeal the denial of benefits. The FUAC affirmed the referee's decision. Like Alonso, Rivas claims that all notices of her right to appeal were in English only and she does not speak, read or write English.
Appellants base their appeals on notions of fundamental fairness under the due process clause of article I, section 9 of the Florida Constitution and the Fourteenth Amendment to the United States Constitution. Based upon the analysis briefly summarized herein, we reject these claims.
As stated in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-15, 70 S.Ct. 652, 657-58, 94 L.Ed. 865, 873-74 (1950) (quoting American Land Co. v. Zeiss, 219 U.S. 47, 67, 31 S.Ct. 200, 207, 55 L.Ed. 82 (1911)) (citations omitted) (emphasis added):
An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections... . But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied. `The criterion is not the possibility of conceivable injury, but the just and reasonable character of the requirements, having reference to the subject with which the statute deals.'

Appellants do not argue the notice forms were ambiguous, but rather that they were unclear to appellants solely because appellants are not literate in English. Thus, the essence of their argument is that when the state is obligated to give notice and is aware the recipient is not fluent in English, it must provide such notice in the language comprehensible to the recipient. We join those states which have rejected this argument. See Vialez v. New York City Housing Auth., 783 F. Supp. 109 (S.D.N.Y. 1991); Alfonso v. Board of Review, 89 N.J. 41, 444 A.2d 1075 (N.J.), cert. denied, 459 U.S. 806, 103 S.Ct. 30, 74 L.Ed.2d 45 (1982); DaLomba v. Director of the Div. of Employment Sec., 369 Mass. 92, 337 N.E.2d 687 (1975); Hernandez v. Department of Labor, 83 Ill.2d 512, 48 Ill.Dec. 232, 416 N.E.2d 263 (1981); Guerrero v. Carleson, 9 Cal.3d 808, 109 Cal. Rptr. 201, 512 P.2d 833 (1973), cert. denied, 414 U.S. 1137, 94 S.Ct. 883, 38 L.Ed.2d 762 (1974); see also Kuri v. Edelman, 491 F.2d 684 (7th Cir.1974); Nuez v. Diaz, 101 Misc.2d 399, 421 N.Y.S.2d 770 (Sup.Ct. 1979). As stated in Alfonso, 444 A.2d at 1077, "[t]he courts have recognized, whether explicitly or implicitly, that in an English-speaking country, requirements of `reasonable notice' are satisfied when the notice is given in English." Although some multilingual notices may in some instances be desirable, this, by no means, translates into their use being a requirement under procedural due process concepts.
Accordingly, the orders under review are affirmed.