834 So.2d 957 (2003)
Trisha L. FREDERICK, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS, Compensation, et al., Appellees.
No. 3D02-1813.
District Court of Appeal of Florida, Third District.
January 22, 2003.
*958 Trisha L. Frederick, in proper person.
John D. Maher (Tallahassee), for appellee Florida Unemployment Appeals Commission.
Before COPE, GODERICH and FLETCHER, JJ.
PER CURIAM.
The claimant, Trisha L. Frederick, appeals from an order of the Florida Unemployment Appeals Commission [UAC] dismissing her appeal as untimely. We reverse and remand.
The claimant applied for and was awarded unemployment compensation benefits. The employer appealed the determination and requested a hearing. A telephone hearing was scheduled for February 26, 2002. The notice provided a New York phone number for the claimant; however, during the hearing, only the employer made an appearance.
Following the hearing, the appeals referee reversed the initial determination and found that the claimant was disqualified from receiving benefits because she voluntarily left employment without good cause attributable to the employer. This decision was mailed to the claimant on February 27, 2002.
The UAC received the claimant's appeal on April 17, 2002. The claimant's letter stated that she was not aware of the February 26th hearing and that she was no longer in New York when the hearing took place. Thereafter, the UAC gave the claimant an opportunity to show cause why her appeal should not be dismissed as untimely. The claimant responded by stating that she was given the wrong fax number, and therefore, she was faxing information to the wrong number. She further explained that she had called the UAC almost every day for a month, and that she was told to resubmit her fax. After resubmitting her fax several times, she spoke with a deputy clerk who told her that she had been faxing the information to the wrong fax number. After receiving the claimant's response, the UAC dismissed the appeal as untimely. This appeal followed.
Pursuant to section 443.151(4)(b)(3), Florida Statutes (2001), the claimant had twenty days after the mailing of the appeal referee's decision to initiate an appeal with the UAC. If not filed within twenty days, the appeal is subject to dismissal by the UAC for lack of jurisdiction. Fla. Admin. Code R. 60BB-7.006. As the UAC correctly points out, there are no good cause exceptions provided either in the statute or rule. See Espinosa v. Cableoptics, 807 So.2d 195 (Fla. 3d DCA 2002); Creech v. Orlando Leasing Sys., 765 So.2d 223 (Fla. 2d DCA 2000). However, "in certain individual cases based on considerations of fairness and due process," appellate courts have carved out exceptions to the dismissal rule. Applegate v. National Health Care Affiliates, Inc., 667 So.2d 332, 333 (Fla. 1st DCA 1995); see also Espinosa, 807 So.2d at 196; Landrum v. James Rummer Timber Harvesting, Inc., 645 So.2d 577 (Fla. 2d DCA 1994). We believe these cases apply. Therefore, we reverse the order under review and remand for an evidentiary hearing. *959 On remand, if it is determined that the claimant was given an incorrect fax number or somehow misled into faxing her notice of appeal to the incorrect fax number and that she actually attempted to fax her notice of appeal to the UAC within twenty days from the mailing of the appeal referee's decision, she shall be afforded an opportunity to appeal. Landrum, 645 So.2d at 578.
Reversed and remanded.