PETERSON, J.
Terry Albrecht appeals an order of the Unemployment Appeals Commission, (“UAC”), affirming a referee’s dismissal of his claim as untimely.
Albrecht’s initial claim for unemployment compensation benefits was denied. He received written notice that if he wished to appeal the denial, he could do so within twenty days by filing on-line on the internet at www.fluidnow.com/appeals, by mail or by fax. He chose to use the internet to file his appeal, made a followup telephone call to determine that the UAC received his appeal, and he talked with a UAC representative who told him “Hold on, sometimes these take awhile; the appeals go to Tallahassee and are farmed out from there to different offices.” Apparently, problems existed with the internet method of filing and Albrecht’s appeal was not received until beyond the filing deadline.
The UAC does not dispute Albrecht’s assertion that he filed a timely appeal and *759 that he persisted in attempting to use the internet method, but claims that he should have used the mail or fax and that no good cause exceptions are allowed by the statute prescribing the time limitations. § 443.151(3)(a), Fla. Stat. (2003).
The disposition of this appeal is governed by Frederick v. Florida Unemployment Appeals, 834 So.2d 957 (Fla. 3d DCA 2003), holding that in the absence of an evidentiary hearing, the dismissal of a claimant’s appeal to the UAC as being untimely was improper, even though the governing statute and rule did not provide for a good cause exception. In Frederick, the claimant had been given the incorrect fax number and used that number to file.
We vacate the order dismissing Al-brecht’s appeal to the UAC. We remand for an evidentiary hearing to determine whether he made a timely filing, notwithstanding the UAC’s failure to receive it timely because of problems that existed with the internet method of filing.
REVERSED and REMANDED.
PALMER and ORFINGER, JJ., concur.