LAGOA, Judge.
Mirta Hernandez (“Hernandez”) appeals from an order of the Unemployment Appeals Commission (“Commission”) dismissing her appeal as untimely. We reverse and remand.
Hernandez applied for and was awarded unemployment benefits. Hernandez’s employer appealed and requested a hearing. Following a hearing, the appeals referee reversed the initial determination and held that Hernandez was disqualified from receiving benefits because she was discharged from her employment for misconduct. This decision was mailed to Hernandez on September 15, 2005.
On November 22, 2005, Hernandez faxed a letter to the Commission, which the Commission treated as an appeal. In her letter, Hernandez wrote:
To Whom It May Concern:
Please be advised that this is the 2nd request that I, Mirta Hernandez, has made to the Office of Appeals. My 1st request was made in the middle of September 2005 via fax in Spanish, however I received no response to my appeal. Today, November 20, 2005, I am making my second request. Please contact me at the address or phone number listed below.
On December 21, 2005, the Commission ordered Hernandez to show cause why the appeal should not be dismissed as untimely based on a November 22nd filing date. On January 18, 2006, the Commission dismissed the appeal as untimely.
On February 2, 2006, Hernandez sent a handwritten letter in Spanish addressed to Silvia Maya at the Agency for Workforce, Office of Appeals. In that letter, Hernandez asked why she did not have the right to appeal when she had filed several appeals. She also indicated that she. had sent a notarized document back as requested but may have made a mistake because of her poor English.
Pursuant to section 443.151(4)(b)5, Florida Statutes (2005), a claimant has twenty days after the mailing of the appeal referee’s decision to initiate an appeal with the Commission. An appeal which is not timely perfected within twenty days is subject to dismissal pursuant to Florida Administrative Code Rule 60BB-7.006.
While there are no good cause exceptions provided in the statute or rule, as the Commission candidly points out, courts, including this one, have carved out exceptions to the dismissal rule “in certain individual cases based on considerations of fairness and due process.” See Frederick v. Fla. Unemployment Appeals, 834 So.2d 957, 958 (Fla. 3d DCA 2003)(quoting Applegate v. Nat’l Health Care Affiliates, Inc., 667 So.2d 332, 333 (Fla. 1st DCA 1995)).
Because we have no authority to vary from our precedent of judicially created exceptions to an otherwise unambiguous statute, the disposition of this appeal is governed by Frederick. In Frederick, this Court held that the dismissal of claimant’s appeal in the absence of an evidentiary hearing was improper and remanded the case for an evidentiary hearing to determine whether claimant “actually attempted to fax her notice of appeal to the UAC within twenty days from the mailing of the appeal referee’s decision”. Id. at 958-59.
Accordingly, we váeate the order dismissing Hernandez’s appeal to the Commission and remand for an evidentiary hearing to determine whether Hernandez’s notice of appeal to the Commission was timely filed.
*83 Reversed and remanded for proceedings consistent ■with this opinion.