979 So.2d 1174 (2008)
Claribel GARCIA, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, etc., et al., Appellees.
No. 3D07-1659.
District Court of Appeal of Florida, Third District.
April 23, 2008.
Claribel Garcia, in proper person.
John D. Maher, Tallahassee, for appellees.
Valory Greenfield and Cindy Huddleston, Florida Legal Services, Tallahassee, for amicus curiae.
Before WELLS, ROTHENBERG, and SALTER, JJ.
SALTER, J.
Claribel Garcia (pro se), formerly a five-year employee of Pollo Tropical restaurants, appeals adverse rulings on her unemployment compensation claim by the Florida Unemployment Appeals Commission (FUAC) and the Office of Appeals of the Agency for Workforce Innovation (Office of Appeals). Finding that FUAC and the Office of Appeals failed to demonstrate compliance with section 443.151(8)(a) of the Florida Statutes (2007), "Bilingual requirements," we reverse and remand with instructions to further remand Ms. Garcia's claim to the Office of Appeals to rehear Ms. Garcia's claim after Ms. Garcia has had a reasonable time within which to consider the recently furnished Spanish language instructional materials.
Proceedings Below
Ms. Garcia, a resident of Miami-Dade County, worked for Appellee Pollo Operations, Inc.[1] from November of 2001 *1175 through November 28, 2006. Ms. Garcia worked as a fulltime cook earning $7.50 per hour. What happened on that last day of her employment is in dispute. The employer maintains that Ms. Garcia asked for a raise of $.50 per hour, to $8.00 per hour, and then sat down in the restaurant and refused to work when the manager denied her request for the increase. Ms. Garcia maintains that she was fired for making the request, and that she only sat down because the manager instructed her to sit down and wait for the employer's human resources manager; instead, she claims, the manager called the police and had her removed from the restaurant.
Ms. Garcia made her claim with an effective date of December 3, 2006, and her claim was determined on December 4, 2006. The initial agency determination reflected that she was eligible for a weekly benefit of $141.00, that she had available credits of $3469, and that her benefit year would end December 2, 2007. The all-English "Wage Transcript and Determination" initially made a part of the record by FUAC states, "Read Reverse Side Carefully for Important Information and Appeal Rights," but the record does not include a copy of that reverse side or information.
The record indicates that Ms. Garcia was paid one week's benefit of $141.00, for the week of December 16, 2006. On January 3, 2007, however, an agency claims adjudicator determined that "the claimant failed to respond to the agency's request for information to substantiate good cause attributable to the employer for quitting the job." The record does not contain the agency's request for information or any certification that such a request was mailed or otherwise communicated to Ms. Garcia, nor is it clear whether any such communication occurred in English or in Spanish. The claims adjudicator's notice, an "Official UCB-45 Reproduction," contains no instructional or educational information in the Spanish language. Section IV of the determination, "Appeal Rights," does not include any Spanish-language notice that an appeal must be filed within twenty calendar days after the mailing date of the determination.
Later the same day, Ms. Garcia faxed the agency a signed, handwritten statement in the English language reiterating her claim that she was fired and that she did not leave Pollo Tropical on her own. This handwritten note in English does not appear to have been printed or signed by Ms. Garcia, who later provided a Spanish-language statement regarding her appeal.
In response to the January 3, 2007 statement by Ms. Garcia, the Office of Appeals mailed written notice setting a telephonic hearing for February 8, 2007.[2] That notice identified the three issues involved in Ms. Garcia's appeal and provided other important information about the hearing, but only in English. The single phrase in Spanish on the notice indicated that a translator would be provided only for the claimant. The notice of hearing stated that it enclosed an "Appeals Information" leaflet, marked "AWI Form UCA Bulletin 6E." The leaflet initially included in the record sets forth detailed information in English regarding "unemployment compensation appeals and how to prepare for your hearing." The only Spanish language sentence on the form is "Tenga esta información importante traducida immediatamente" ("Have this important information translated immediately").
*1176 On February 14, 2007, the appeals referee rendered her three-page decision on Ms. Garcia's appeal. The opinion does not state who testified, who served as translator, or what other evidence was presented. The appeals referee found that Ms. Garcia refused to work after being denied the $.50 per hour pay increase, was told by the manager to leave and that she no longer worked for the restaurant, and then did not return to work. From these findings, the referee found that Ms. Garcia was discharged for misconduct and was disqualified for benefits. Ms. Garcia was found to have been overpaid and was required to repay Pollo Tropical for the single week's benefits of $141.00 she had received.
The referee's opinion also contains a summary of appeal rights and a notice regarding the twenty-day period within which any further appeal would have to be brought. The entire opinion and the notices are exclusively in English, with the exception of two warnings in Spanish and Creole near the top of the first page. The warning in Spanish says, in a typeface smaller than the opinion and other notices, "Importante: Tenga esto traducido immediatamente  tiempo limitado para apelar!" ("Important: Have this translated immediatelylimited time to appeal!").
In a single-page, handwritten letter in Spanish dated March 16, 2007 and received by FUAC in Tallahassee on April 30, 2007, Ms. Garcia renewed her allegation that she had been fired "simply for asking for a raise in my salary."[3] FUAC deemed Ms. Garcia's letter a Request for Review in her case, and sent a "notice of docketing" to her on May 8, 2007. The notice is entirely in English. On May 14, 2007, FUAC issued an order directing Ms. Garcia to show cause why the appeal should not be dismissed as untimely. The order determined that the referee's decision was mailed on February 14, 2007 and that her appeal was not filed until March 16, 2007, ten days after the twenty-day period allowed by section 443.151(4)(c) of the Florida Statutes (2007). The order to show cause was accompanied by a blank form of affidavit to be used to explain the circumstances surrounding the late appeal. The order and form of affidavit were entirely in English, and no Spanish language instructional or educational information was attached.
Ms. Garcia completed and filed the form of affidavit within the time specified by FUAC. She apologized for not submitting the response within the twenty-day period; she stated that she was not aware of the twenty-day period; and she asserted that she neither speaks nor writes English. Her affidavit then reiterated her account of the circumstances of her firing by the manager and his call to the police. This affidavit was in English, but the handwritten contents were written by someone with handwriting noticeably different from Ms. Garcia's own handwritten statement of March 16, 2007.
On May 25, 2007, FUAC entered an order finding that it was "without jurisdiction with respect to the merits," and dismissing Ms. Garcia's appeal. This order was also entirely in English.
Ms. Garcia's timely appeal to this Court followed. At oral argument, Ms. Garcia confirmed that she had not received Spanish-language instructional materials regarding the claim and appeals procedure or her rights regarding the hearing. FUAC then filed a motion to supplement *1177 the record with a Spanish-language form of the appeals information brochure, "AWI Form UCA Bulletin 6S (Rev.6/05)," although the record originally delivered to us and the representation by Ms. Garcia indicate that this form was never sent to her.[4]
Language and Due Processthe 1996 Amendment to Section 443.151
In a 1993 decision, this Court rejected a claim that notions of fundamental fairness and minimal due process required FUAC and appeals referees to provide notices in any language other than English, even if the claimant does not speak, read or write English and this fact is known by the referees. Alonso v. Arabel, Inc., 622 So.2d 187, 188 (Fla. 3d DCA 1993).
Three years later, however, the Florida Legislature amended section 443.151 of the Florida Statutes (1996), "Procedure concerning claims," to add a new subsection (8) entitled "Bilingual requirements." Paragraph (a) of the new provision states that the Agency for Workforce Innovation "shall provide printed bilingual instructional and educational materials in the appropriate language in those counties in which 5 percent or more of the households in the county are classified as a single-language minority." (Emphasis added.) FUAC does not dispute the fact that Ms. Garcia lives in a county in which over five percent of the households are classified as a Spanish-language minority.
Following oral argument, we invited the parties to brief the applicability of the statute to this case. FUAC responded with a supplemental brief and an appendix acknowledging that the Agency for Workforce Innovation has prepared pamphlets in the Spanish language containing "extensive information regarding the hearing, decision, and appeal procedures" in conformance with section 443.151. Amicus curiae, The Florida Workers Center, through attorneys at the non-profit legal assistance group, Florida Legal Services, Inc., provided a supplemental brief supportive of Ms. Garcia's position and detailing the obstacles faced by unrepresented low-wage workers with limited English proficiency.
Conclusion
We have previously ruled that due process and fairness considerations in an individual case may result in the reinstatement of a claimant's otherwise untimely appeal. Assam v. Fla. Unemployment Appeals Comm'n, 871 So.2d 978 (Fla. 3d DCA 2004); Frederick v. Fla. Unemployment Appeals Comm'n, 834 So.2d 957, 958 (Fla. 3d DCA 2003). Upon review of Ms. Garcia's case, we conclude that the fairness of the proceedings below and the correctness of the actions taken may have been impaired by the Agency for Workforce Innovation's failure to provide Ms. Garcia with printed bilingual instructional and educational materials in Spanish as directed by section 443.151(8) of the Florida Statutes (2007). The available explanatory and instructional materials in Spanish should have been provided with respect to jurisdictional filing deadlines, hearing procedures (including the right to have a hearing face to face rather than by telephone), the right to call other witnesses, and other vital information regarding rights and obligations of a claimant.
The FUAC order of dismissal is therefore reversed with directions for the remand of Ms. Garcia's appeal to the Office of Appeals for a new hearing.
*1178 Reversed and remanded with instructions.
ROTHENBERG, J., concurs.
WELLS, J., (specially concurring).
I agree that the order dismissing Ms. Garcia's appeal should be reversed and remanded to permit her to pursue an appeal to the Unemployment Appeals Commission because (1) the UAC concedes that the Agency for Workforce Innovation has prepared printed instructional and educational materials in Spanish as required by section 443.151(8) of the Florida Statutes and that these materials should have been provided to Ms. Garcia and, (2) because both Ms. Garcia and the record provided to us confirm that information in English only was provided to her. On this record and for these reasons alone, I agree that the order of dismissal should be reversed.
NOTES
[1] Pollo Operations is the corporate entity that hires and manages employees of the "Pollo Tropical" restaurant chain.
[2] From the record, it does not appear that Ms. Garcia was aware of her right to request an in-person hearing. Because the hearing turned on credibility issues, this was an important right and one she may well elect to exercise on remand.
[3] The Office of Appeals had Ms. Garcia's statement translated into English on April 24, 2007.
[4] We therefore deny FUAC's post-argument motion to supplement the record. More importantly for purposes of the hearing after remand, FUAC has now served the Spanish-language brochures on Ms. Garcia.