After a jury-waived trial, a judge convicted the defendant, Alexander E. Hernandez, of operating a motor vehicle after suspension of his license, G. L. c. 90, § 23.[2] On appeal, he contends that (1) admission of Registry of Motor Vehicles (RMV) records violated the confrontation clause of the Sixth Amendment to the United States Constitution; (2) the notice of license suspension printed only in the English language violates his due process and equal protection guarantees under the Federal and State Constitutions because he speaks only Spanish; (3) the notice violates 28 C.F.R. § 42.104 (2017) ; and (4) the Commonwealth presented insufficient evidence to support his conviction. We affirm.
Discussion. 1. RMV records and the confrontation clause. The defendant raises confrontation clause challenges to the admission of the following documents: (1) an "RMV Certificate,"[3] (to which he also raises a separate hearsay challenge); (2) the suspension notices; (3) the "USPS Confirmations,"[4] and (4) a "Non-Reinstatement Certificate," stating that the defendant's license was not reinstated. We are not persuaded.
The confrontation clause only bars "testimonial" hearsay -- "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." Crawford v. Washington, 541 U.S. 36, 52 (2004). It is in this legal context that we address the defendant's challenges to the documentary proof.
The RMV certificate, which is "a clerk's affidavit authenticating an official record[,] is not testimonial for purposes of the confrontation clause," Commonwealth v. McMullin, 76 Mass. App. Ct. 904, 904 (2010), and properly was admitted. Likewise, the suspension notices, which are prepared pursuant to G. L. c. 90, § 22, to apprise operators of the RMV's actions and the operator's rights following a suspension, are not testimonial. The USPS confirmations were properly admitted business records, see Commonwealth v. Ellis, 79 Mass. App. Ct. 330, 335 (2011), produced for internal use contemporaneously with the suspension notices, and have only an ancillary purpose of possible use at a future trial. Commonwealth v. McEvoy, 93 Mass. App. Ct. 308, 316 (2018). Therefore, their admission also did not violate the confrontation clause.
Finally, the admission of the nonreinstatement certificate, which the Commonwealth concedes is testimonial,[5] was harmless beyond a reasonable doubt.[6] Ellis, 79 Mass. App. Ct. at 334-335. Here, the Commonwealth presented sufficient additional evidence of the defendant's license suspension beyond the nonreinstatement certificate. The RMV records showed that the defendant's license was suspended at the time of his arrest, as did the certified copy of the criminal docket sheet of his conviction of operating while under the influence.[7] In further support of an inference of license suspension, the defendant admitted to the arresting officer that he did not have a license. Id.
2. Due process. We find similarly unavailing the defendant's claim that the RMV's use of an English language suspension notice violates due process. An English language notice is constitutionally sufficient for non-English language speakers when:
"(1) it would put a reasonable person on notice that inquiry is required, (2) further inquiry would reveal the facts necessary to understand the nature of the proceeding and the opportunity to be heard, and (3) the party's disability does not render him incapable of understanding the need for such inquiry."
Commonwealth v. Olivo, 369 Mass. 62, 69 (1975).
The suspension notice employed here provided such inquiry notice. See DaLomba v. Director of the Div. of Employment Sec., 369 Mass. 92, 98 (1975) (receipt of official correspondence puts reasonable recipient on notice that it must be translated if they cannot comprehend it). It was official correspondence from the RMV, and would alert any reasonable person to the need for further inquiry. Id.
3. Equal protection. Pursuant to the holding in Olivo, supra at 72-73, we also summarily dispense with the defendant's contention that the English language notice of his license suspension violated his equal protection guarantees. In Olivo, the Supreme Judicial Court made clear that the use of English notices, even with those who do not read English, does not violate either the State or Federal guarantee of equal protection. Id.
4. 28 C.F.R. § 42.104 (2017). The defendant contends for the first time on appeal, and without any documentary support, that the use of English language notices violates 28 C.F.R. § 42.104 (2017), which prohibits any discrimination based on "race, color, or national origin" in Federally funded programs. The defendant did not raise this argument in the trial court and offers no support for it here. Therefore, we deem it waived. Commonwealth v. Obi, 475 Mass. 541, 549 (2016). In any event, we are not aware of any authority suggesting that the RMV violated 28 C.F.R. § 42.104 (2017), or that a violation must result in the reversal of a criminal conviction. Cf. Alexander v. Sandoval, 532 U.S. 275, 285 (2001) (regulation does not afford private right of action to challenge English-only public program on disparate impact theory of discrimination).
5. Sufficiency. "To review a claim of sufficiency of the evidence we ask whether, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Commonwealth v. Mauricio, 477 Mass. 588, 597 (2017), quoting Commonwealth v. St. Hilaire, 470 Mass. 338, 343 (2015). The elements of a § 23 violation are (1) the defendant operated a motor vehicle, (2) while his or her license was suspended, and (3) that the defendant received notice that his or her license had been suspended or revoked. Commonwealth v. Royal, 89 Mass. App. Ct. 168, 170 (2016). Here, the defendant challenges the sufficiency of proof as to the third element on three grounds.
First, the defendant claims that he never received the notice. This argument fails. The Commonwealth need not prove actual receipt but, rather, pursuant to G. L. c. 90, § 22 (d ), the Commonwealth need only show "that the registry properly mailed the notice of suspension or revocation, which constitutes 'prima facie evidence of receipt by the addressee.' " Commonwealth v. Parenteau, 460 Mass. 1, 6 (2011), quoting Commonwealth v. Koney, 421 Mass. 295, 303-304 (1995). The Commonwealth submitted numerous RMV documents indicating both that the defendant's license was suspended and that the RMV had mailed notices of the suspension to his address. This evidence was sufficient. Id.
Second, the defendant asserts that because the RMV documents were inadmissible, the Commonwealth failed to prove that he received notice. This claim also fails because, in addition to already concluding that these documents were properly admitted, we consider, "[i]n determining the sufficiency of the evidence ... 'the evidence in its entirety, including, not excluding, that admitted [at] trial but found inadmissible on appeal.' " Mauricio, supra, quoting Commonwealth v. DiBenedetto, 414 Mass. 37, 46 (1992).
Third, the defendant claims that, even if he received the notice, it was insufficient because he only reads Spanish. We reiterate the words of the Supreme Judicial Court: "[o]fficial communications in the English language are reasonable and are sufficient to constitute effective notice." DaLomba, 369 Mass. at 96 (discussing notice requirement under G. L. c. 151A, § 39 ).
Judgment affirmed.

The Commonwealth also charged the defendant with a civil marked lanes violation. The judge found the defendant not responsible on that charge.

Which authenticates the RMV records.

Which document the mailing of the notices.

See Commonwealth v. Grady, 474 Mass. 715, 719 (2016) (motion in limine to exclude evidence preserves argument).

The certificate states: "I further certify in accordance with G. L. [c. 90, § 23 ], that there has since been no reinstatement of [the defendant's] license or right to operate motor vehicles in the Commonwealth of Massachusetts."

While the criminal docket sheet is insufficient to prove notice of the suspension, it is competent to prove the fact of the suspension. See Commonwealth v. Oyewole, 470 Mass. 1015, 1016 & n.1 (2014).