NATHAN, Judge.
This is a petition for writ of certiorari by the claimant, Carlos A. Martinez, seeking review of an order of the Industrial Relations Commission, affirming the decision of the appeals referee dismissing for failure to prosecute, Martinez’ appeal from the claim examiner’s adverse ruling on a claim for unemployment compensation benefits. After considering the record, the petition, the briefs and oral argument, we have determined that the petition for writ of certiora-ri filed herein, be treated as a petition for writ of mandamus, and we find that Martinez is entitled to a peremptory writ of mandamus in this cause.
The record reflects that on October 22, 1975, Martinez was ruled ineligible for unemployment benefits; on October 31, he filed an appeal; and on November 7, he wrote to the Bureau of Unemployment Compensation in Miami, advising that he would be leaving Miami to look for a job, that he would be unable to report to the Bureau on his regularly scheduled days until his return and that “any notification” could be sent to his regular address in Miami. He then left for Brazil.
A hearing on the appeal was scheduled for November 21,1975. Although notice of hearing was allegedly mailed on November 14, respondent concedes that the mailing date of the notice of hearing did not appear on the notice, as required by law. The hearing was held as scheduled. Due to Martinez’ failure to appear, the appeals referee dismissed the appeal for failure to prosecute. Notice of the referee’s decision was mailed to Martinez at his last known address on November 24, 1975. Martinez returned to Miami on December 12. He filed an appeal to the Industrial Relations Commission on January 8, 1976, which was dismissed for lack of jurisdiction, since it was not initiated within ten days of the mailing of the referee’s decision.
We find that the denial of an appeal under the facts of this case constitutes a denial of due process. The Florida Constitution, Article I, Section 9, and Article V, Section 1. Therefore, we hold that Martinez is entitled to the issuance of a peremptory writ of mandamus to provide him with a hearing on his entitlement to unemployment compensation benefits. In view thereof, we assume that such hearing will be provided without the necessity for the issuance of a formal peremptory writ of mandamus.
It is so ordered.