349 So.2d 203 (1977)
Stephen J. POLATNICK, Relator,
v.
FLORIDA DEPARTMENT OF COMMERCE, DIVISION OF EMPLOYMENT SECURITY, Respondent.
No. 77-543.
District Court of Appeal of Florida, Third District.
July 26, 1977.
Rehearing Denied September 16, 1977.
*204 Stephen J. Polatnick, in pro. per.
Kenneth H. Hart, Jr., Tallahassee, and James R. Parks, Miami, for respondent.
Before HENDRY, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Claimant, Stephen J. Polatnick, by petition for writ of certiorari seeks review of an order of the Industrial Relations Commission dismissing his application for review of the decision of the appeals referee on the ground that such application was untimely filed and, therefore, the Commission lacked jurisdiction in this action arising out of a claim for unemployment compensation benefits.
After being discharged by his employer, Stephen Polatnick filed a claim for unemployment compensation benefits. On September 24, 1976 the claims examiner disqualified him and on the same day mailed him a notice to that effect to his last known address which was listed as Mill Valley, California. The notice provided that he had 10 days from the date of mailing (October 5, 1976) within which to file an appeal. Polatnick by letter postmarked September 29 timely filed his notice of appeal which was received by the Bureau of Unemployment Compensation on October 1. The Bureau retained the appeal letter and on October 5, after the 10 day appeal period had expired, returned it to Polatnick with the request that he fill in his social security number. On October 9 Polatnick mailed his appeal letter back to the Bureau which received it on October 12. By letter of October 15 he was informed that his appeal was being forwarded to the appeals section for handling. The appeals referee determined that Polatnick had not filed his appeal until October 9 (the date he returned his appeal letter to the Bureau with his social security number filled in); that he (the appeals referee), therefore, lacked jurisdiction because the notice of appeal was untimely, being in excess of 10 days from September 24, and, thus, the determination of disqualification by the claims examiner became final on October 4. On November 12, 1976 this decision of the appeals referee was mailed to Polatnick in California. The notice informed Polatnick he had 10 days from November 12 (until November 22) in which to appeal the decision to the Industrial Relations Commission; however, Polatnick had returned to Florida and did not receive notice[1] of the decision of the appeals referee until after the expiration of the 10 days. By letter postmarked November 24, Polatnick mailed his application for review of the referee's decision to the Industrial Relations Commission. The Commission took the position that his application for review was untimely and that it lacked jurisdiction thereupon affirming the decision of the appeals referee. After a consideration of the record, the petition for writ of certiorari, the briefs and oral argument, we conclude that State ex rel. Martinez v. Fla. Div., Etc., 339 So.2d 313 (Fla.3d DCA 1976) is controlling and hereby treat this cause as a petition for writ of mandamus.
We find that the denial of an appeal under the facts of this case as argued by *205 petitioner Polatnick amounts to a denial of due process. See Article I, Section 9 and Article V, Section 1, Florida Constitution. Cf. Martinez, supra. We, therefore, hold that Polatnick is entitled to the issuance of a preemptory writ of mandamus to provide him with a hearing on his entitlement to unemployment compensation benefits and assume that such hearing will be provided without the necessity for the issuance of a formal peremptory writ of mandamus.
So ordered.
NOTES
[1] Which was forwarded by the U.S. post office from his California to his Florida address.