351 So.2d 769 (1977)
STATE of Florida ex rel. William M. Owra, Relator,
v.
FLORIDA DEPARTMENT OF COMMERCE, DIVISION OF EMPLOYMENT DECURITY and T.W. Stewart & Associates, Respondents.
No. 77-1050.
District Court of Appeal of Florida, Third District.
November 15, 1977.
William M. Owra, in pro. per.
Kenneth H. Hart, Jr., Tallahassee, and James R. Parks, Miami, for respondents.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
HAVERFIELD, Judge.
Claimant, William M. Owra, by way of certiorari seeks review of an order of the Industrial Relations Commission that his appeal to the appeals referee was untimely.
On January 10, 1977 the claims examiner mailed a notice of claims determination to petitioner disqualifying him from receiving unemployment compensation benefits. Petitioner had 10 days from the date of mailing (or until January 20, 1977) to appeal this determination; however, he never received the notice. Petitioner first learned of the disqualification when he appeared at the local claims office on January 21, his normal reporting date, and thereupon he immediately filed an appeal. The appeals referee determined that under the circumstances petitioner's appeal was timely and reversed the disqualification determination of the claims examiner. Petitioner's employer appealed the appeals referee's decision to the Industrial Relations Commission. On April 19 the Commission entered an order determining that petitioner's January 21 appeal to the appeals referee was untimely, and the appeals referee lacked jurisdiction to consider petitioner's appeal as the determination of the claims examiner became final on January 20. The order quashed the decision of the appeals referee and reinstated the disqualification determination of the claims examiner. Petitioner argues his appeal to the appeals referee was timely.
On two previous occasions this court has been presented with the identical jurisdictional issue and we determined that the denial of an appeal under similar factual circumstances amounts to a denial of due process. See State ex rel. Martinez v. Fla. Div., etc., 339 So.2d 313 (Fla. 3d DCA 1976) and Polatnick v. Fla. Dept. of Commerce, 349 So.2d 203 (Fla. 3d DCA 1977). We find likewise in the case at bar and hereby treat this cause as a petition for writ of mandamus and hold that petitioner is entitled to the issuance of such a peremptory writ.
The April 19 order of the Industrial Relations Commission is quashed, the decision of *770 the appeals referee is reinstated and the cause is remanded to the Commission with directions to consider the appeal by petitioner's employer from the decision of the appeals referee on the merits and to hold a hearing. We assume these directions will be followed without the necessity for the issuance of a final peremptory writ of mandamus.
So ordered.