PER CURIAM.
The claimant, Carlos A. Martinez, brought a petition for writ of certiorari to review an order of the Industrial Relations Commission affirming the decision of the Appeals Referee and the claims examiner that the claimant had insufficient wage credits to establish a valid claim.[1] Claimant urges that a prior order under'which he received benefits for the full extent of his claim is determinative of the issue and may *116 not be reconsidered because of the expiration of the one year period provided by Section 443.07(3)(c), Florida Statutes (1973).
The Florida Department of Commerce, Division of Employment Security, has filed in this cause a waiver stating that even though it is a statutory respondent in the cause, it is not going to take a position on the facts and waives its right to submit a brief in opposition to the petition for certio-rari.
On September 29,1975, the then Industrial Relations Commission filed an order in which it reported the history of this case as follows:
“In this case, the employer reported that claimant was paid $1,500 for thirteen weeks work during the second quarter of 1973. He was paid $1,000 in the first five weeks of the third quarter. This $1,000 included two weeks wages in lieu of notice and two weeks vacation pay. The Referee credited claimant with only eighteen weeks of insured work, or the number of weeks during which he actually performed services for the employer.
“A week of unemployment is defined in § 443.03(12)(a), F.S., as any week during which an individual performs no services and with respect to which no wages are payable to him. In this case, the Appeals Referee erred in assuming that the claimant was unemployed during the two weeks immediately following his discharge, because, although he performed no services for the employer during those weeks, he was paid wages with respect to those weeks in the form of wages in lieu of notice.
“Pursuant to § 443.06(3)(a), an individual shall be disqualified for receipt of benefits for any week with respect to which he is receiving or has received remuneration in the form of wages in lieu of notice. In order to determine the number of weeks for which a claimant will be determined ineligible for receipt of benefits after receiving a lump sum of money as wages in lieu of notice, a certain amount of the money is allocated to a certain week. Thus, since claimant was given $250 as wages in lieu of notice, $125 (his usual weekly wage) would be allocated to each of the two weeks following his discharge. Claimant would be disqualified from receipt of benefits for those two weeks.
“Obviously, if these wages are allocated to a specific week, it must be said that wages are payable to the claimant with respect to that week. As stated in § 443.03(12)(a), F.S., if an individual performs no services and wages are not payable to him with respect to a certain week, an individual is not unemployed during that week; he is constructively employed. Those weeks during which claimant would be disqualified from receipt of benefits if he met the general eligibility requirements must also be considered in determining that same eligibility.”
Thereafter, upon the termination of his benefit year, the claimant filed a new claim, effective July 29, 1974. On that claim, the Commission made the following determination:
“The claimant filed his initial claim for benefits to be effective July 29, 1973, thus establishing a benefit year which ended on July 28, 1974. The claimant continued to file for benefits until he exhausted his claim. Upon termination of his benefit year he filed a new claim effective July 29, 1974. It was determined that the claimant had insufficient wage credits to establish a valid claim at that time. The claimant appealed the determination and it was affirmed by the Appeals Referee. On appeal to the Industrial Relations Commission it was reversed on September 29,1975. The Commission allocated two weeks paid wages in lieu of notice to the then two weeks following the claimant’s last day of work.
“On October 22, 1975, a Claims Examiner’s determination was issued which held the claimant ineligible for not having earned three times his weekly benefit amount after his filing on July 29, 1973, as required by § 443.05(l)(e)2, F.S. The Appeals Referee affirmed that ineligibility on February 8, 1977.
*117 “The claimant contends that the October 22, 1975, Claims Examiner’s determination is void under § 443.07(3)(c)l, F.S., because it was made in excess of one year after the date of filing on July 29, 1974. That section refers to a redetermination, i. e. reconsideration of a determination, when it is found that an error has occurred or new evidence has been discovered. The October 22, 1975, decision is not a redetermination, but rather a determination going to a threshold eligibility condition which is required by Statute, § 443.05(l)(e)2, F.S. The October 22, 1975, decision is not subject to the one-year limit placed on redeterminations.
“The claimant contends that the previous Industrial Relations Commission Order No. 75-162 is finally dispositive of the issue of whether the claimant is eligible for benefits. That Order dealt with the issue of the claimant’s available wage credits which is a threshold eligibility condition in itself. The issue here is a separate one, a threshold condition required by the Statute, which was not finally and conclusively decided by the previous order.
“The claimant contends that the previous allocation of the two weeks wages paid in lieu of notice to the period August 1, 1973, to August 15, 1973, estops the October 22,1975, determination. He contends that this allocation satisfied the statutory requirement of having earned three times his weekly benefit amount under § 443.05(1)(3)2 [443.05(l)(e)2], F.S. The Statute in that section requires that an individual perform service and earn remuneration of at least three times his weekly benefit amount in order to requa-lify for benefits after a year in which he received benefits. The claimant performed no services after his separation from the employer in July of 1973 when he filed his original claim. The claimant has not met the statutory requirement of § 443.05(l)(e)2, F.S., to perform services.”
We hold that the Division of Employment Security is estopped to take a contrary position as to the time of the application of the two weeks paid wages in lieu of notice of discharge. Therefore, the allocation of these wages to the period August 1st to August 15th, 1973, satisfies the requirement that a claimant earn remuneration of at least three times his weekly benefit amount in order to requalify for benefits after a year in which he receives benefits. These two weeks’ wages may not be used as a basis for disqualification for compensation during the period for which they were paid and then treated as nonexistent because no services were actually performed for the employer during that period of time. The statute must be construed reasonably to give the claimant the benefit of wages paid in lieu of notice of discharge. See St. Joe Paper Company v. Gautreaux, 180 So.2d 668 (Fla. 1st DCA 1965).
Accordingly, the petition for writ of cer-tiorari is granted and the order of the Commission, dated August 19, 1977, disqualifying claimant, is quashed with directions to enter an order in accordance with the views herein expressed.
It is so ordered.

. This court’s decision on a prior petition in this matter appears at State ex rel Martinez v. Florida Division of Commerce, 339 So.2d 313 (Fla. 3d DCA 1976).