PER CURIAM.
McDaniel appeals a Career Service Commission order denying his appeal for lack of jurisdiction. We reverse.
By letter of September 26, 1977, the Department of Health & Rehabilitative Services (HRS) suspended McDaniel for 30 days beginning September 21, 1977. The letter informed McDaniel of his right to an appeal and included the following:
Section 22A-7.10(6)(b) of the state personnel rules and regulations permits a state agency to suspend an employee, for just cause, for a period not to exceed thirty calendar days in any calendar year. If court action is pending, the state personnel director may approve an extension of a suspension for sixty days or longer, when requested by the agency head. You will remain suspended from duty until final disposition of your case is made by the court. In addition, further disciplinary action is being withheld until final disposition of your case. If your case is not decided within thirty days, a request will be made to the state personnel director to extend your suspension as provided for in the state personnel rules and regulations.
On October 20, 1977, the assistant secretary of administrative services extended the suspension indefinitely. McDaniel was so advised and again notified of his appeal rights. No appeal was taken. Eight months later, in June, 1978, HRS wrote the state personnel director requesting clarification of the policy on extending suspensions and learned that the indefinite suspension of McDaniel exceeded the authority of the agency head. HRS then requested retroactive approval of McDaniel’s suspension, which was granted August 15, 1978.
The charges against McDaniel were nolle-prossed in December, 1978, and he returned to work in January, 1979. His attorney attempted to obtain information from HRS regarding McDaniel’s reinstatement salary and his entitlement to backpay. When this information was not forthcoming, McDaniel filed an appeal with the Career Service Commission asking that he be reinstated with backpay. The Commission found that it was without jurisdiction to hear the appeal.
*455 Appellant argues that because the agency did not comply with the state personnel rules and regulations, the suspension was illegal and the time for filing an appeal did not begin running until he had notice of the illegality. Alternatively, he argues that to deny him an appeal violates his due process rights.
We do not decide whether the extension was illegal nor whether the retroactive approval, some ten months later, was sufficient to overcome any illegality which may have been present. These are questions which more properly should first be resolved by the Career Service Commission. The only issue before us is whether McDaniel should be allowed an appeal at this time and because of the peculiar fact situation presented, we hold that he should. To deny him a hearing on the facts herein would deny him due process. State ex rel. Martinez v. Department of Commerce, 339 So.2d 313 (Fla. 3d DCA 1976).
MILLS, C. J., and McCORD and BOOTH, JJ., concur.