WENTWORTH, Judge.
This is an appeal from an order of the Career Service Commission dismissing, for untimeliness and lack of jurisdiction, an appeal for the recovery of lost wages.
After a predisposition conference at which appellant was orally informed that he would be suspended, he was notified by letter dated February 29, 1980, that he was suspended without pay from his position with Florida State University until the adjudication of a pending grand theft charge against him. The letter stated that he had a right to appeal to the Career Service Commission within twenty days of receipt of the notice. No appeal was taken from the suspension. On May 21, 1980, a directed judgment of acquittal was entered in the criminal action and appellant was reinstated at Florida State University the following day. Shortly thereafter, appellant and his attorney made oral inquiries regarding back pay, but were informed that none would be forthcoming. By letter dated March 17, 1981, appellant, through another attorney, requested back pay. This request was refused by the University on April 1, 1981, and appellant appealed to the Career Service Commission. After an initial hearing on the issue of jurisdiction, the appeal was dismissed because it was not filed within twenty days of the notice of suspension. This appeal followed.
Relying on McDaniel v. Career Service Commission, 379 So.2d 454 (Fla. 1st DCA 1980), appellant argues that the refusal to conduct a hearing on the merits was a denial of due process. In McDaniel, the employee had been suspended for thirty days because a criminal charge had been brought against him. The suspension notice informed him of his right to appeal and stated that extension of suspension until final disposition of the criminal charges would be requested. The suspension was subsequently extended indefinitely, although the extension was not achieved in compliance with the rules. The charges were nolle-prossed in December, 1978, and he was reinstated in January, 1979. His attorney then sought information from the employer regarding back pay. When the information was not provided, McDaniel filed an appeal with the Career Service Commission requesting that he be reinstated with back pay. The Career Service Commission found that it was without jurisdiction to hear the appeal. This court reversed, holding that because of the peculiar fact situation, denial of a hearing on the facts would deny him due process.
While there are similarities between McDaniel and the instant case, we hold that the differences are crucial so that the circumstances of this case do not render the denial of the appeal a denial of due process.
*808 In this case, appellant was represented by counsel from the predetermination conference through this appeal. In fact, he relies heavily on his, and his counsel’s, testimony that after the predetermination conference they were under the impression that if he was exonerated of the criminal charges he would be reinstated with back pay. If they were in fact laboring under such an impression, the written notice of suspension, which specifically stated that it would be without pay, should have alerted them to the need to challenge the suspension. Appellant was promptly notified after he was reinstated that back pay would not be forthcoming, and almost a year elapsed between the notification and the date that he finally appealed.
The written notice of suspension in this case provided a clear point of entry to the appellate process by informing appellant that he was suspended without pay, that he had a right to appeal that suspension, and that he had twenty days in which to bring the appeal. McDaniel involved significant issues as to the effectiveness of the extension beyond the original thirty days which are not present here. On the contrary, any question regarding the indefinite period of suspension in this case was patent on the face of the notice and was a matter which could properly have been raised in a timely appeal to the Career Service Commission.
As to the contention that a timely appeal could have infringed appellant’s right against self incrimination, the Commission noted Florida Administrative Code Rule 22M-2.09,[1] and correctly stated that ... no relationship or bearing exists between a criminal proceeding and a personnel disciplinary proceeding arising from the same facts and circumstances. Weisbrod v. Florida Career Service Commission, 375 So.2d 1102 (Fla. 1st DCA 1979); City of Miami v. Kellum, 147 So.2d 147 (Fla. 3d DCA 1962); State Department of H. R. S. v. Vernon, 379 So.2d 683 (Fla. 2d DCA 1980).
We therefore find no merit in appellant’s contention that an employee’s appeal of a suspension order will necessarily infringe his right against self incrimination.
Under the circumstances in this case appellant’s due process rights were not violated by the denial of his untimely appeal. The order is accordingly affirmed.
ERVIN and SHIVERS, JJ., concur.

. Fla.Admin.Code Rule 22M-2.09 provides in part that:
(1)The hearing shall be conducted in the manner provided by Chapter 120, F.S., and Section 22A-10.06, F.A.C. The presiding officer shall take whatever action is necessary to insure that the hearing is conducted in all equitable, orderly and expeditious manner. Ail parties shall abide by the presiding officer’s decisions, unless the presiding officer is overruled by a majority vote of the members present.
(2) In the appeal hearing, the appealing employee has the right to refuse to testify; however, if the employee takes the stand he will be subject to examination on all matters in controversy.
(3) The Commission, recognizing the burden of proof is upon the agency, and the absolute right of the employee to remain silent, will not draw any conclusion regarding the truth or falsity of the agency’s allegations based upon the employee’s not taking the stand in his own behalf.