627 So.2d 52 (1993)
Tyrone T. HOLMES, Appellant,
v.
CITY OF WEST PALM BEACH and Florida Unemployment Appeals Commission, Appellees.
No. 93-0292.
District Court of Appeal of Florida, Fourth District.
November 17, 1993.
*53 Tyrone T. Holmes, pro se appellant.
John D. Maher, Tallahassee, for appellee Unemployment Appeals Com'n.
PER CURIAM.
Tyrone T. Holmes filed an appeal below from an adverse determination of his claim for unemployment compensation benefits, seeking a hearing before an appeals referee. When he failed to attend the hearing scheduled pursuant to his appeal, the appeals referee entered a decision that dismissed the appeal for failure to prosecute. According to appellee, a copy of the decision was mailed to appellant on September 28, 1992. However, it was not until December 18, 1992, or eighty-one days after the decision was allegedly mailed, that appellant filed his appeal from that dismissal. Appellee Commission dismissed the appeal as untimely under section 443.151(4)(b)3, Florida Statutes, and Florida Administrative Code Rule 38E-3.006. We reverse.
Appellee contends that the controlling statute and rule compel dismissal of untimely filed appeals without exception; thus, it had no discretion in this matter.
Section 443.151(4)(b)3, provides:
The parties shall be promptly notified of such referee's decision; and such decisions shall be final unless, within 20 days after the date of mailing of notice thereof to the party's last known address or, in the absence of such mailing, within 20 days after the delivery of such notice, further review is initiated pursuant to paragraph (c).
Moreover, Rule 38E-3.006 provides:
An application for review which is not filed within the time allowed by law shall be dismissed by the Commission for lack of jurisdiction. The dismissal decision shall be limited to findings of fact and a conclusion of law regarding the timeliness of the application for review.
We recognize that the compulsory language of the rule and the statute does not provide any exceptions or alternatives to dismissal of untimely filed appeals. Moreover, appellee correctly contends that because it is an administrative agency, rather than a court, it cannot circumvent unambiguous statutory provisions in the interest of fairness and due process considerations. See Palm Harbor Special Fire Control Dist. v. Kelly, 516 So.2d 249 (Fla. 1987). It lacks the power to declare a statute void or otherwise unenforceable. Id. at 250.
In the past this and other district courts have created exceptions to the rule and statute in certain individual circumstances. See Robinson v. Morrison, Inc., 501 So.2d 1323, 1324 (Fla. 4th DCA 1986); Robinson v. Florida Unemployment Appeals Comm'n, 526 So.2d 198 (Fla. 4th DCA 1988); Pierre v. Oriente Sugar Cane Planting, 504 So.2d 431 (Fla. 4th DCA 1987); Teater v. Department of Commerce, 370 So.2d 847 (Fla. 3d DCA 1979); Owra v. Dept. of Commerce, 351 So.2d 769 (Fla. 3d DCA 1977); Polatnick v. Florida Dep't of Commerce, 349 So.2d 203 (Fla. 3d DCA 1977); Miami Dolphins Ltd. v. Florida Dep't of Commerce, 252 So.2d 396 (Fla. 3d DCA 1971). Appellant's letter to appellee dated December 12, 1992, disputes that notice was ever received. Moreover, we cannot determine from the record how appellant received notice or otherwise learned of the determination that his appeal was dismissed for failure to prosecute. If appellant did not receive written notice from the commission, he would not be apprised that he had twenty (20) days in which to file his appeal.
Accordingly, we reverse the order on appeal and remand for an evidentiary hearing on the issue of whether appellant was mailed *54 and received notice of hearing and notice of determination.
GLICKSTEIN, POLEN and FARMER, JJ., concur.