667 So.2d 332 (1995)
Patricia F. APPLEGATE, Appellant,
v.
NATIONAL HEALTH CARE AFFILIATES, INC. and Florida Unemployment Appeals Commission, Appellees.
No. 95-1520.
District Court of Appeal of Florida, First District.
October 24, 1995.
Patricia F. Applegate, pro se, appellant.
John D. Maher, Tallahassee, for appellees.
PER CURIAM.
Ms. Applegate, the employee, appeals an order dismissing as untimely her appeal to the Unemployment Appeals Commission. She had attempted to appeal an order of the appeals referee reversing the award of unemployment compensation benefits to her. Ms. Applegate seeks to have the late-filing of her appeal excused on grounds of procedural due process, asserting that she did not receive in a timely manner the final order which began the running of the appeal period. We reverse and remand.
Ms. Applegate resigned her position with National Health Care Affiliates, Inc., asserting that she was forced to resign by fear for her nursing license due to unprofessional practices of her coworkers and abusive conditions in the workplace. She began receiving unemployment benefits. The employer appealed and a hearing was held by telephone conference call on April 13, 1994. Ms. Applegate's telephone had been disconnected, and she arranged to be linked to the telephone conference in the offices of the Department *333 of Labor and Employment Security. After that hearing was held, Ms. Applegate sent a letter protesting the conditions under which she had participated, stating that she was unable to concentrate and present her case because of noise and interruptions. There followed a series of notices that the final hearing was rescheduled and a series of postponements. She alleges that she received the notice that the hearing scheduled for October 1994 was postponed, but never received notification of the rescheduled hearing on January 4, 1995, and that she did not receive the final order of January 30, 1995, until February 21, 1995  outside the 20 day appeal period.
This case is similar to Holmes v. City of West Palm Beach, 627 So.2d 52, 53-54 (Fla. 4th DCA 1993) in which the appellant, an applicant for unemployment compensation, alleged that he did not receive notice of hearing and notice of determination. As in that case, the Unemployment Appeals Commission (as an administrative agency, rather than a court) had no choice but to dismiss the untimely appeal. The relevant statute and administrative rule provide no exceptions to the requirement to dismiss untimely appeals. See section 443.151(4)(b)3., Florida Statutes (1993); Fla. Admin. Code R. 38E-3.006. In Holmes, the Fourth District Court explained, however, that district courts have created exceptions to the rule and statute in certain individual cases based on considerations of fairness and due process. In the present case, appellant alleges that she never received the notice of the hearing on January 4, 1995, preventing her from having a full and fair opportunity to present her case. She alleges further that she did not receive the final order dated January 30, 1995, denying her benefits, until after the expiration of the twenty day appeal period.
We reverse and remand for an evidentiary hearing to determine whether appellant was precluded from filing a timely appeal by reason of appellee's failure to mail timely notice of the final determination, or by the fact that appellant did not receive such notice. See Robinson v. Morrison, Inc., 501 So.2d 1323 (Fla. 4th DCA 1986). There appear to be factual questions regarding whether appellant's failure to receive notice was attributable to neglect on her part or an excusable misunderstanding. Compare Pierre v. Oriente Sugar Cane Planting, Inc., 504 So.2d 431 (Fla. 1st DCA 1987) (reversing and remanding for further proceedings despite the employee's untimely notice of appeal because the appellant had been denied due process of law under the particular circumstances of the case, specifically, the fact that the appellant did not receive timely notice of the adverse decision due to a misunderstanding regarding the need to file a change of address) with Florida State University v. Jenkins, 323 So.2d 597 (Fla. 1st DCA 1975) (appellant's failure to receive timely notice because the university department to which the decision was mailed had closed for two weeks was not accepted as grounds for avoiding the effect of late filing of the appeal). Such factual questions should be resolved by a fact-finding tribunal on remand. See Finney v. Florida Unemployment Appeals Commission, 587 So.2d 637 (Fla. 4th DCA 1991); but see Teater v. Department of Commerce, 370 So.2d 847 (Fla. 3d DCA 1979) (directing that the appeal be considered on the merits upon remand, in the interest of justice). We remand for an evidentiary hearing on the question whether the appellant's failure to file her appeal within twenty days of the rendition of the final determination should be excused under considerations of due process and fairness. Livingston v. Unemployment Appeals Commission, 620 So.2d 1103, 1104 (Fla. 4th DCA 1993). If the failure to file the appeal in a timely manner should be excused, obviously it will become necessary under the unusual facts of this case to make the further determination whether the appellant was mailed and received timely notice of the January 4th, 1995, hearing. If appellant was not given a full and fair opportunity to be heard, a new hearing should be scheduled to resolve the issue of her entitlement to unemployment compensation benefits.
Accordingly, this case is REVERSED and REMANDED for further proceedings consistent with this opinion.
KAHN and DAVIS, JJ., and SMITH, Senior Judge, concur.