PER CURIAM.
In this case, a question arose concerning the timeliness of Laura Brumm’s appeal of the appeals referee’s decision to the Unemployment Appeals Commission (UAC). The UAC acted properly in remanding the case to the referee for an evidentiary hearing. See, e.g., Applegate v. National Health Care Affiliates, Inc., 667 So.2d 332, 333 (Fla. 1st DCA 1995) (court reversed and remanded for evidentiary hearing UAC order dismissing claimant’s appeal as untimely where claimant alleged that she did. not receive notice of decision until after 20-day appeal period); Landrum v. James Rummer Timber Harvesting, Inc., 645 So.2d 577, 578 (Fla. 2d DCA 1994) (court remanded for evidentiary hearing UAC order dismissing claimant’s untimely appeal and instructed that “[o]n remand, if it is determined that Landrum did not receive the appeals referee’s decision in time to seek further appellate review, he should be afforded an opportunity to appeal”); Holmes v. City of W. Palm Beach, 627 So.2d 52, 53-54 (Fla. 4th DCA 1993) (cause remanded for “evidentiary hearing on whether appellant was mailed and received notice of hearing and notice of determination”); Koppelman v. Unemployment Appeals Comm’n, 626 So.2d 322, 323 (Fla. 1st DCA 1993) (“[A] remand to the UAC is required to determine whether claimant received notice of the hearing in time to appear, or notice of the referee’s decision in time to appeal.”); Livingston v. Unemploy- *1124 merit Appeals Comm’n, 620 So.2d 1103, 1104 (Fla. 4th DCA 1993) (evidentiary hearing necessary to determine whether claimant received due process where claimant asserted that he did not receive referee’s decision in time to seek review). Nevertheless, neither the referee nor the UAC made any findings concerning when Brumm received the referee’s decision. Accordingly, this case is REVERSED and REMANDED for further proceedings consistent with this opinion.
ERVIN, KAHN and BENTON, JJ., concur.