807 So.2d 195 (2002)
Eric M. ESPINOSA, Appellant,
v.
CABLEOPTICS, INC., and Florida Unemployment Appeals Commission, Appellees.
No. 3D01-2550.
District Court of Appeal of Florida, Third District.
February 20, 2002.
Eric M. Espinosa, in proper person.
John D. Maher (Tallahassee), for appellees.
Before GODERICH, GREEN, and RAMIREZ, JJ.
PER CURIAM.
Eric M. Espinosa, a claimant for unemployment compensation benefits in the administrative proceedings below, seeks review of the Florida Unemployment Appeals Commission ("U.A.C.") dismissal of his appeal from the referee's determination that he was discharged from his place of employment for misconduct and therefore not entitled to benefits. Espinoza's notice of appeal was deemed to be untimely filed where he faxed his notice of appeal to the U.A.C. twenty-one days after the referee's decision was mailed to the parties. We affirm.
Pursuant to section 443.151(4)(b)3, Fla. Stat. (1997)[1], an aggrieved party has *196 twenty days after the mailing or delivery of the referee's decision to initiate an appeal with the U.A.C. An appeal which is not timely perfected within twenty days is subject to dismissal pursuant to Florida Administrative Code Rule 38E 3.006.[2] As the appellees correctly point out, there are no good cause exceptions to this dismissal rule. See Creech v. Orlando Leasing Sys., 765 So.2d 223 (Fla. 2d DCA 2000); Linderman v. K.B. Beach Suites, Ltd. PRT, 751 So.2d 1262 (Fla. 3d DCA 2000); Delgado v. Concentrated Chem. Co., 644 So.2d 173 (Fla. 3d DCA 1994); Florida State University v. Jenkins, 323 So.2d 597 (Fla. 1st DCA 1975). Where, however, it has been alleged by a party that a referee's decision sought to be appealed was not timely mailed, appellate courts have held on due process grounds that the appellant was entitled to an evidentiary hearing on the timeliness issue. See e.g., Applegate v. National Health Care Affiliates, 667 So.2d 332 (Fla. 1st DCA 1995); Landrum v. James Rummer Timber Harvesting, Inc., 645 So.2d 577 (Fla. 2d DCA 1994); Holmes v. City of West Palm Beach, 627 So.2d 52 (Fla. 4th DCA 1993); Koppelman v. Unemployment Appeals Comm'n, 626 So.2d 322 (Fla. 1st DCA 1993); Livingston v. Unemployment Appeals Comm'n, 620 So.2d 1103 (Fla. 4th DCA 1993); Finney v. Florida Unemployment Appeals Comm'n, 587 So.2d 637 (Fla. 4th DCA 1991); Robinson v. Morrison, Inc., 501 So.2d 1323 (Fla. 4th DCA 1986).
In the instant case, Espinoza never claimed that the referee's decision was not mailed to him, or mailed to him untimely, even though the U.A.C. did give him an opportunity to show cause why his appeal should not be dismissed as untimely, prior to its dismissal of the same.
For this reason, we agree with the appellees that an evidentiary hearing on the timeliness issue would serve no useful purpose.
Affirmed.
NOTES
[1] That section provides that:

The parties shall be promptly notified of such referee's decision; and such decisions shall be final unless, within 20 days after the date of mailing of notice thereof to the party's last known address or, in the absence of such mailing, within 20 days after the delivery of such notice, further review is initiated pursuant to paragraph (c).
[2] That rule provides that:

Dismissals. An application for review which is not filed within the time allowed by law shall be dismissed by the Commission for lack of jurisdiction. The dismissal decision shall be limited to findings of fact and a conclusion of law regarding the timeliness of the application for review.