928 So.2d 469 (2006)
Karen POLLETT, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 1D05-2875.
District Court of Appeal of Florida, First District.
May 3, 2006.
Pro se, for Appellant.
John D. Maher, Deputy General Counsel, Tallahassee, for Appellee.
BROWNING, J.
Appellant seeks review of the dismissal of her claim for unemployment benefits as untimely. We reverse and remand for a hearing to determine whether the lateness of the filing is attributable to the Unemployment Appeals Commission.
Appellant's request for unemployment benefits was initially denied on the ground that she was "not able and available for *470 work as required by law." She requested a hearing, but after that hearing the referee affirmed the denial of benefits. Appellant appealed the denial to the Commission four days after the deadline to appeal. In response to the Commission's order to show cause why the appeal should not be dismissed as untimely, Appellant alleged that because she did not understand the referee's order, she called the Commission's claims information number. She alleged that she was told she had been awarded benefits, which would be sent by direct deposit within two weeks. She further alleged that after waiting and receiving no money, she called again and was finally informed that her claim had been denied. Thereafter and without a hearing, the Commission dismissed the appeal as untimely.
Although there is neither a statutory nor a "good cause" exception to the time limits for appeals to the Commission, there is an exception, based on due process and fairness concerns, where the delay in filing the notice of appeal "was occasioned by the actions of the Commission." Thurman v. Florida Unemployment Appeals Comm'n, 881 So.2d 89, 91 (Fla. 1st DCA 2004). The desired remedy is an evidentiary hearing to determine whether the lateness is attributable to the Commission. E.g., Applegate v. Nat'l Health Care Affiliates, Inc., 667 So.2d 332 (Fla. 1st DCA 1995). Here, Appellant is entitled to a hearing to determine whether she received erroneous information, and if she did, what bearing the erroneous information had on the timeliness of her appeal.
Accordingly, we REVERSE and REMAND for an evidentiary hearing.
BARFIELD and THOMAS, JJ., concur.