CLARK, J.
Michael Hood appeals the Commission’s final agency action affirming the appeals referee’s dismissal of his untimely administrative appeals. Because the appellant has failed to establish any of the statutory grounds upon which the agency’s final order could be set aside, under section 120.68(7), Florida Statutes, the final order is affirmed.
The appeals in this case stemmed from three determinations by the agency that Appellant was ineligible for Unemployment Compensation for three particular time periods. The Notices of Determination were each mailed to the appellant on May 19, 2010, and the appellant admitted at the administrative hearing that he received the Notices shortly thereafter. There was no dispute about the content of the Notices, including the detailed description of the appellant’s appeal rights and the instructions for where and how to appeal the Determinations via electronic means, regular mail, or facsimile (“fax”). The Notices did not contain any indication that an appeal might be sought orally via a telephone call.
The 20-day time limit to submit an appeal was repeatedly stated on each Notice. There was also no dispute of fact that the appellant filed his appeals of the Determinations on September 1, 2010, 105 days after the Determinations were mailed to him.
An administrative hearing was held on the appeals of the Determinations, and, after taking testimony from Mr. Hood, the Appeals Referee dismissed the appeals as untimely. In its final order, the Unemployment Commission affirmed the dis *275 missals as reasonable applications of the law as applied to the facts in the case.
During the administrative hearing, the appellant testified as follows:
REFEREE: Okay, into the record as exhibit C, page three....
All right. Mr. Hood please tell me as to why did you wait outside — first off let me go back and ask did you read section four of your appeal rights?
HOOD: At the time probably not.
I think your question was going to be why did I wait so long to appeal. After I received each determination I contacted Mr. A.C. Miller, the adjuster, in these eases. I clarified my position on the determinations. I explained to him what happened and I thought or I understood or misunderstood that it — that everything had been done to his satisfaction and that no further action was warranted.
As I did not receive any paperwork concerning a return of the money I thought everything was all right. When I did receive paperwork stating I owed the 550 on the one claim and $50 on the one determination and 50 on the other I immediately called Mr. Miller again and he stated that I needed to — if any action was to be done I needed to appeal.
I immediately did so.
REFEREE: So on the first call, when did you call him?
HOOD: I do not have the dates.
REFEREE: Okay, this is the—
HOOD: It was when I received each determination I would contact him.
REFEREE: Okay now, who did this adjuster work for?
HOOD: He works for Unemployment. He is out of the Jacksonville office. On each determination if you look up in the right hand corner
it will say A.C. Miller as the adjuster.
REFEREE: Okay. And on the first call what did he tell you?
HOOD: On the first call I clarified what had happened and I am sure we will get into that in a minute. I thought to his satisfaction and that no further action would be necessary.
REFEREE: Okay. So you just called to clarify the situation that had taken place?
HOOD: Yes.
REFEREE: Okay.
HOOD: To clarify each of the situations that he sent me the determination for.
REFEREE: Okay when you mean clarify, you just wanted to explain to him as to what the situations—
HOOD: As to what had happened, yes sir.
REFEREE: Okay. All right. Do you have anything else that you want to say at this time?
HOOD: No sir.
On appeal, Mr. Hood argues that the Commission’s final order must be set aside based upon fairness and due process, because the untimeliness of his administrative appeal was excused by his telephone conversations with the Commission’s adjuster.
Section 443.151(3)(c), Florida Statutes, provides for the 20-day deadline to appeal, and the Legislature did not provide for any “good cause” to excuse late filing in subsection (3)(c). See Espinosa v. Cableoptics, Inc., 807 So.2d 195 (Fla. 3d DCA 2002) (and cases cited therein). Rule 60BB-5.007, Florida Administrative Code, upon which the Appeals Referee relied, requires dismissal of late-filed appeals with no exceptions. However, in 2005, section 443.151(4)(b)3. was created to allow the Office of Appeals to order a claimant to show cause why a late-filed appeal should *276 not be dismissed and to give the claimant an opportunity to provide written evidence of timely filing or “good cause for failure to appeal timely.” Ch. 2005-209, § 7, Laws of Fla. (emphasis added). Because the subsection provides that the Office of Appeals “may” issue an order to show cause, such order is not statutorily required before an untimely appeal can be dismissed.
This “good cause” amendment to section 443.151(4)(b)3. codifies previous case precedent requiring the agency, on a case-by-case basis, to consider the facts surrounding late-filed appeals when appellants challenge their timely receipt of notice from the Commission or other situations where the Commission might have contributed to the delay in the claimant’s filing of the appeal. See Ortolano v. Unemployment Appeals Comm’n., 33 So.3d 823 (Fla. 5th DCA 2010); Pollett v. Fla. Unemployment Appeals Comm’n., 928 So.2d 469 (Fla. 1st DCA 2006); Applegate v. Nat’l Health Care Affiliates, 667 So.2d 332 (Fla. 1st DCA 1995). Thus, the statute now contains an avenue for a claimant to assert good cause for a late-filed appeal during the administrative proceedings.
While the record in this case does not contain an order requiring the appellant to show cause why his untimely appeals should not be dismissed, the notices of hearing on his appeals did inform him that the timeliness of his appeals would be at issue. In addition, during the hearing, the appeals referee questioned him directly about his reasons for filing late, and the appellant testified about his actions. However, unlike the cases where courts have found that appellants sufficiently raised a fact question about the Commission’s possible contribution to the untimeliness of the appeal, the appellant’s testimony was insufficient to support any such contribution. He admitted that he made no attempt to avail himself of any of the clearly described methods of appeal, but chose instead to call a Commission employee to “clarify” his “position” on the determinations of ineligibility. His testimony does not establish that his assumption that “no further action was warranted” was based on any advice or instruction by the agency employee, or that they even discussed the appeal process.
 The appellant has shown no deviation from procedure by the Commission in this case. He received the procedural process he was due. The fairness of the proceedings was not impaired by a material error in procedure by the Commission, or by the appeals referee. See § 120.68(7)(c), Fla. Stat. The appellant is understandably disappointed in the outcome of his administrative action, but the right to due process is not offended by every negative outcome. As stated in Steele v. Florida Unemployment Appeals Comm’n., 596 So.2d 1190, 1191 (Fla. 1st DCA 1992):
For the most part, the appellate court is concerned with questions pertaining to whether or not the proceedings below were carried out in accordance with the law. It is generally not a question of whether the appellate court agrees or disagrees with the result reached in a particular case, but whether that result was reached in a fair manner and was within the jurisdiction and authority of the court or agency whose decision is being appealed.
Because the Commission acted within its jurisdiction and authority, complied with the statutes applicable to Unemployment Compensation and administrative procedures, and because the appellant has not established on appeal any of the grounds, under section 120.68(7), Florida Statutes, upon which the Commission’s final order *277 might be set aside, the Commission’s final order is AFFIRMED.
WOLF and THOMAS, JJ., concur.