POLEN, J.
 

 Appellant, Juan Ellis, appeals a final order entered by the Unemployment Appeals Commission (“UAC”), affirming the appeals referee’s decision to dismiss his appeal due to an untimely filing when two separate, contradictory notices of determination were sent to Ellis. We remand this cause for an evidentiary hearing to determine whether Ellis’s late filing was directly attributable to the Agency for Workforce Innovation’s (“AWI”) contradictory notices of determination, one of which denied Ellis of benefits and one of which granted Ellis benefits.
 

 Ellis was employed by ADP Totalsource Co. XXIII Inc. (“ADP”) until he was terminated on January 31, 2010. Ellis filed for unemployment compensation, effective February 14, 2010. On March 10, 2010, a notice of determination was mailed to Ellis, providing that he was not eligible for benefits because he quit his job to attend school and the reason for quitting was not attributable to his employer. Also mailed on March 10, 2010 was a notice of determination stating that Ellis’s “school attendance does not interfere with his[ ] ability to seek and accept full time work.” The second notice further provided that Ellis was eligible for benefits because he “is able and available for work as required by law.” The difference between the two notices of determination was that one provided that ADP was Ellis’s former employer, while the other did not have an employer listed. Ellis included his position at ADP and a
 
 *889
 
 position he held just before he was employed by ADP on his application for benefits. However, in its response, AWI did not clearly notify Ellis as to which former position led to the granting of benefits and which led to the denial of benefits.
 

 Ellis was allegedly under the impression that, based on the notices of determination, he was going to receive benefits and that the second notice was sent to correct a mistake in the first notice. On March 31, 2010, when he realized he was not receiving benefits, Ellis called the AWI and was notified he was actually denied and needed to submit a late appeal. Ellis submitted the appeal on the same day, which was the twenty-first day after the notices of determination were mailed. An appeal hearing was held and the referee dismissed the appeal for lack of jurisdiction due to untimely filing. Ellis timely appealed the referee’s decision and the UAC affirmed the decision by final order on June 30, 2010. This appeal followed.
 

 An appeal referee’s findings are to be accorded a presumption of correctness. The UAC’s standard of review of the appeals referee’s decision is whether the referee’s findings of fact were based on competent, substantial evidence in the record and whether the proceedings on which the findings were based complied with the essential requirements of the law.
 

 Szniatkiewicz v. Unemployment Appeals Comm’n,
 
 864 So.2d 498, 501-02 (Fla. 4th DCA 2004) (internal citation omitted).
 

 Section 443.151(3)(b), Florida Statutes, provides that monetary determinations on unemployment compensation claims are:
 

 [Fjinal unless within 20 days after the mailing of the notices to the parties’ last known addresses, or in lieu of mailing, within 20 days after the delivery of the notices, an appeal or written request for reconsideration is filed by the claimant or other party entitled to notice.
 

 § 443.151(3)(b), Fla. Stat. (2010). Florida Administrative Code Rule 60BB-5.007 provides, in relevant part, that:
 

 (1) If it appears that the appeal initiating the proceedings was not filed within the time allowed by law, the appeals referee shall notify the parties that timeliness of the appeal shall be one of the issues to be considered at the hearing.
 

 (2) The appeals referee shall take evidence on and consider the issue of timeliness of the appeal first. If the referee finds that the appeal was not filed within the time allowed by law, it shall be dismissed. The dismissal decision shall be limited to findings of fact and a conclusion of law with respect to the timeliness issue.
 

 Fla. Admin. Code R. 60BB-5.007 (2011).
 

 While there is no “good cause” exception to time limitations for appeals made to the UAC, “there is an exception, based on due process and fairness concerns, when the delay in filing the notice of appeal “was occasioned by the actions of the Commission.’ ”
 
 Ortolano v. Unemployment Appeals Comm’n,
 
 33 So.3d 823, 825 (Fla. 5th DCA 2010) (quoting
 
 Pollet v. Fla. Unemployment Appeals Comm’n,
 
 928 So.2d 469, 470 (Fla. 1st DCA 2006) (“[a]ppellant is entitled to a hearing to determine whether she received erroneous information, and if she did, what bearing the erroneous information had on the timeliness of her appeal.”))
 

 In
 
 Ortolano,
 
 the claimant received a notice of determination awarding her benefits. 33 So.3d at 824. Ortolano’s former employer appealed that decision, at which time it was realized a second notice of determination was issued which denied Or-tolano’s benefits.
 
 Id.
 
 Ortolano filed her own appeal when she realized she was
 
 *890
 
 denied, but the referee dismissed her appeal, finding it untimely.
 
 Id.
 
 The Fifth District Court of Appeal held that it was improper to dismiss the claim for untimeliness without first holding “a hearing to determine whether the mixed signals that [Ortolano] received from the Agency and the UAC had a bearing on the timeliness of her appeal.”
 
 Id.
 
 at 825.
 

 Here, the AWI mailed two separate and contradictory notices of determination which Ellis alleged caused his confusion and late filing. UAC disagreed that the mailing of two notices caused confusion and instead believed that the confusion Ellis experienced was not attributable to AWI’s notices, but due to his own inability to separate the issues that each document addressed. As the Fifth District held, it would be improper to dismiss a claim as untimely before a determination is made regarding the cause of the late appeal. Therefore, we remand this cause for an evidentiary hearing to determine whether the confusion Ellis alleged was directly attributable to AWTs two separate and contradictory notices of determination.
 

 Reversed, and Remanded.
 

 GROSS and CONNER, JJ., concur.