WELLS, C.J.
Affirmed. See Quintana v. Fla. Unemployment Appeals Comm’n 29 So.3d 446, 446 (Fla. 3d DCA 2010) (“As nothing in the record supports a finding that the claimant’s notice was not provided to her in a timely manner, and Florida law does not permit good cause exceptions to the dismissal rule, we are bound to affirm the order of the Appeals Commission below.”); Espinosa v. Cableoptics, Inc., 807 So.2d 195, 196 (Fla. 3d DCA 2002) (“Espinoza [sic] never claimed that the referee’s decision was not mailed to him, or mailed to him untimely, even though the U.A.C. did give him an opportunity to show cause why his appeal should not be dismissed as untimely, prior to its dismissal of the same. For this reason, we agree with the appel-lees that an evidentiary hearing on the timeliness issue would serve no useful purpose.”); see also de la Torre v. Siguanea, LLC, 10 So.3d 1164, 1164 (Fla. 3d DCA 2009) (“Because de la Torre does not dispute that her notice of appeal was untimely, we must accept the referee’s finding of untimeliness and affirm the Commission’s order.”); Exposito v. S. Fla. Hotels, Inc., 994 So.2d 1117, 1117 (Fla. 3d DCA 2007) (“We agree that the late filing deprived the referee of jurisdiction to consider the merits of Exposito’s claim.”); Lawson v. Elizabethtown Gas Co., 913 So.2d 738, 738 (Fla. 3d DCA 2005) (“Lawson does not dispute that her notices of appeal were untimely. We must, therefore, accept the referee’s findings of untimeliness and affirm the Unemployment Appeals Commission’s orders.”).