CLARK, J.
 

 Derrick Colson appeals the final agency action by the Florida Unemployment Appeals Commission (“UAC”) dismissing his untimely appeal to the Commission. Because Appellant has failed to establish any of the statutory grounds upon which the agency’s final order could be set aside, under section 120.68(7), Florida Statutes, the final order is affirmed.
 

 
 *1043
 
 The appeal in this case stemmed from Unemployment Compensation proceedings upon Mr. Colson’s claim for unemployment benefits after his employment with Mus-grove Construction company was terminated. The Commission assigned an appeals referee and mailed notice of the telephone hearing to Mr. Colson at his last known address. Because Mr. Colson was incarcerated for criminal offenses at the time the notice was mailed, he did not receive the notice or appear at the telephone hearing. Likewise, although the notice of the referee’s decision was mailed to Mr. Col-son’s last known address in December, 2009, he did not receive this notification due to his incarceration at that time.
 

 Mr. Colson filed his appeal with the Commission on January 4, 2011, over twelve months after the referee’s decision was rendered. In response to the Commission’s order to show cause why his appeal should not be dismissed as untimely, Mr. Colson explained that he had been incarcerated during the pertinent times and thus had not received the notices or timely filed his appeal. The Commission ultimately dismissed Colson’s appeal due to its untimely filing.
 

 On appeal, Mr. Colson argues that the Commission’s final order must be set aside based upon fairness and due process, because he was deprived of his right to appear at the referee’s hearing and deprived of notice of the referee’s decision. He asserts that the untimeliness of his appeal to the UAC must be excused due to his incarceration.
 

 The Commission correctly points out that section 443.151(3)(c), Florida Statutes, clearly provides for the 20-day deadline to appeal, and the Legislature did not provide for any “good cause” to excuse late filing in subsection (3)(c).
 
 See Espinosa v. Cableoptics, Inc.,
 
 807 So.2d 195 (Fla. 3d DCA 2002) (and cases cited therein). Rule 60BB-5.007, Florida Administrative Code, upon which the Appeals Referee relied, requires dismissal of late-filed appeals with no exceptions. However, in 2005, section 443.151(4)(b)3., Florida Statutes was created to allow the Office of Appeals to order a claimant to show cause why a late-filed appeal should not be dismissed and to give the claimant an opportunity to provide written evidence of timely filing or
 
 “good cause for failure to appeal timely.”
 
 Ch.2005-209, § 7, Laws of Fla. (emphasis added). This “good cause” amendment to section 443.151(4)(b)3. codifies previous case precedent requiring the agency, on a case-by-case basis, to consider the facts surrounding late-filed appeals when appellants challenge their timely receipt of notice from the Commission or other situations where the Commission might have contributed to the delay in the claimant’s filing of the appeal.
 
 See Ortolano v. Unemployment Appeals Comm’n.,
 
 33 So.2d 823 (Fla. 5th DCA 2010);
 
 Pollett v. Fla. Unemployment Appeals Comm’n.,
 
 928 So.2d 469 (Fla. 1st DCA 2006);
 
 Applegate v. Nat’l Health Care Affiliates,
 
 667 So.2d 332 (Fla. 1st DCA 1995). Thus, the statute now contains an avenue for a claimant to assert good cause for a late-filed appeal during the administrative proceedings.
 

 In this case, the Commission did issue its order to show cause to Mr. Col-son, affording him the opportunity to explain the reason for his late-filed appeal. However, unlike the cases where courts have found that appellants sufficiently raised a fact question about the Commission’s possible contribution to the untimeliness of the appeal, Appellant’s response to the Commission’s order to show cause was insufficient to support any such fact question. Mr. Colson’s inability to receive mail at the address on file with the Commission had nothing to do with any action or omission by the Commission, but was due to his
 
 *1044
 
 incarceration on criminal charges unrelated to his former employment or his administrative proceedings regarding Unemployment Compensation.
 

 Appellant has shown no deviation from procedure by the Commission in this case. He received the procedural process he was due. There is no statutory requirement that the Commission conduct a diligent search for a claimant’s current address. Both sections 443.151(8)(b) and 443.151(8)(c), Florida Statutes, provide that determinations by an appeals referee become final “20 days after the mailing of the notices to the parties’ last known addresses.” Rule 60BB-6.003(1), Florida Rules of Administrative Procedure, contains this same language — “mailing of notice of the appeals referee’s decision to the parties at their last known addresses.” Rule 60BB-5.025, Florida Administrative Code, requires the referee’s decision to be “mailed to the address of record of each of the parties.”
 

 Because it is the claimant who initiates Unemployment Compensation proceedings by filing a claim for unemployment benefits, it is incumbent upon the claimant to keep the agency apprised of his or her current address. Given the limited and exceptional nature of the “good cause” cases where untimely appeals have been excused, the claimant’s change of address due to his incarceration for criminal offenses, which he did not report to the agency in order to keep his address of record current, does not constitute good cause to allow a late-filed appeal to the UAC.
 

 Accordingly, the fairness of these proceedings was not impaired by any material error in procedure by the Commission, or by the appeals referee.
 
 See
 
 § 120.68(7)(c), Fla. Stat. Because the Commission acted within its jurisdiction and authority, complied with the statutes applicable to Unemployment Compensation and administrative procedures, and because Appellant has not established on appeal any of the grounds, under section 120.68(7), Florida Statutes, upon which the Commission’s final order might be set aside, the Commission’s final order is AFFIRMED.
 

 HAWKES and SWANSON, JJ., concur.