PER CURIAM.
Carol Giles appeals a final order of the Reemployment Assistance Appeals Commission (“Commission”). The Commission’s order dismissed as untimely Giles’ appeal of a decision of a reemployment assistance appeals referee which reversed an initial determination finding that Giles qualified for reemployment assistance benefits. Before dismissing the appeal, the Commission issued an order for Giles to show cause why the appeal should not be considered untimely because of her failure to file the appeal within twenty *428 days of the appeals referee’s decision. In response, Giles alleged that she did not understand the contents of the documents she received from the Commission and that when she contacted the Commission to seek clarification, she was misinformed by employees of the Commission regarding the disposition of the appeal to the appeals referee. Giles alleged that she contacted the Commission by phone on three occasions and was informed each time that she had won the appeal and that there was nothing else she needed to do. She alleged that she contacted the Commission for a fourth time and, at that time, was told by an employee of the Commission that the appeal was actually decided adversely to her. Later that day, Giles filed an appeal with the Commission, one day past the twenty-day deadline.
Due process and fairness concerns are implicated where “the delay in filing the notice of appeal ‘was occasioned by the actions of the Commission.’ ” Pollett v. Florida Unemployment Appeals Comm’n, 928 So.2d 469, 470 (Fla. 1st DCA 2006) (quoting Thurman v. Florida Unemployment Appeals Comm’n, 881 So.2d 89, 91 (Fla. 1st DCA 2004)). Here, as in Pollett, Giles is entitled to a hearing to determine whether she received erroneous information from the Commission, and if so, what bearing it had on the timeliness of her appeal. Id.
Accordingly, we REVERSE and REMAND for an evidentiary hearing.
DAVIS, VAN NORTWTCK, and ROWE, JJ., concur.