SALTER, J.
(concurring).
I concur in the result, but I write to reaffirm two exceptions to the procedural default rule relied upon by the majority (dismissal based on the twenty day administrative appeal period, Florida Administrative Code Rule 38E-3.006). I disagree with the majority that the rule has “no good cause exceptions.” One exception is a due process exception, applicable when a claimant establishes that the decision itself was not timely mailed, that an incorrect address was used, or that the claimant never received the adverse decision. Brumm v. Unemployment App. Comm’n, 680 So.2d 1123 (Fla. 1st DCA 1996). This exception is detailed in the case cited by the majority, Espinosa v. Cableoptics, Inc., 807 So.2d 195 (Fla. 3d DCA 2002).
A second exception is applicable when the Commission or Agency[1] creates confusion by its actions (including extraordinary delays that prejudice the claimant) or misinforms the claimant regarding the status of his or her claims. Arensen v. Fla. Unemployment App. Comm’n, 48 So.3d 936 (Fla. 1st DCA 2010); Assam v. Fla. Unemployment App. Comm’n, 871 So.2d 978 (Fla. 3d DCA 2004); Cornello v. Unemployment App. Comm’n, 624 So.2d 382 (Fla. 4th DCA 1993).
The records in this case and a related case involving the same claimant (Soler v. Reemployment Assistance App. Comm’n, Case No. 3D12-1179, 2014 WL 3844152) initially appeared to me to indicate that Ms. Soler believed that she would receive a further determination regarding her claim for benefits (one which would be appeal-able). The Agency referee’s order of April 28, 2011, modified an earlier determination that she was ineligible for benefits from October 17, 2010, concluding that Ms. Sol-er was able and available for work for certain weeks after that date. While “eligibility” refers to a qualified claimant’s right to continue receiving benefits, § 443.091, Fla. Stat. (2014), “qualification” refers to the claimant’s right to claim any benefits. § 443.101, Fla. Stat. (2014).
In its supplemental briefing, the Commission has explained that the “eligibility” determination is a separate process, because it only involves the Agency and the employee. The “qualification” determination is a separate and threshold adjudica *1154 tion of entitlement to benefits that involves the employer and employee, as well as the Agency.
In the present case, the April 28, 2011, order by the referee on Ms. Soler’s eligibility issue turned out to be moot, because three months earlier (January 19, 2011) the Agency had issued a determination that Ms. Soler was not qualified to receive benefits. The Agency ruled that Ms. Sol-er “failed to respond to the Agency’s request for information to substantiate good cause attributable to the employer for quitting.” Ms. Soler’s failure to appeal from that determination within twenty days resulted in the dismissal of her appeal by the Agency and Commission, and we have now affirmed the Commission’s order. The order modifying Ms. Soler’s weeks of eligibility did not vacate the Agency’s earlier adjudication that Ms. Sol-er was not qualified to receive any benefits.
I concur with the majority’s affirmance of the Commission’s order of dismissal, but I do not join in its additional conclusion that “there are no good cause exceptions” to the twenty-day period within which a claimant must commence an appeal.

. Effective June 27, 2011, chapter 443 was substantially amended and the Agency for Workforce Innovations’s functions were assumed by the Department of Economic Opportunity. Because the forms, correspondence, orders, and transcript in this case refer exclusively to the Agency for Workforce Innovation, the governmental unit is referred to as the Agency.