# Third District Court of Appeal

## State of Florida

Opinion filed August 3, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2382
Lower Tribunal No. 21-01547
_____

**Nicole Henry,**
Appellant,

vs.

**Reemployment Assistance Appeals Commission,**
Appellee.


An Appeal from the State of Florida Reemployment Assistance Appeals Commission.

Nicole Henry, in proper person.

Amanda L. Neff, Deputy General Counsel (Tallahassee), for appellee.


Before SCALES, LINDSEY and GORDO, JJ.

PER CURIAM.

Appellant Nicole Henry appeals from a November 10, 2021 final order

of the State of Florida Reemployment Assistance Appeals Commission (the

"Commission") that dismissed Henry's untimely appeal of a September 13, 2021 decision of an appeals referee. The referee's decision affirmed a November 18, 2020 claims adjudicator's determination that Henry had received, and was required to repay, unemployment compensation benefits to which she was not entitled.

The referee's decision, mailed to Henry on September 13, 2021, informed Henry that she had twenty calendar days to appeal the decision to the Commission. Specifically, the decision stated: "**IMPORTANT – APPEAL RIGHTS**: This decision will become final unless a written request for review or reopening is filed within 20 calendar days after the distribution/mailed date shown."

Henry filed her appeal with the Commission two days late. The Commission then, pursuant to section 443.151(4)(b)3. of the Florida Statutes,[1] issued an order requiring Henry to show cause as to why her

---

[1] This provision reads in, relevant part, as follows:

> If an appeal appears to have been filed after the permissible time limit, the Office of Appeals may issue an order to show cause to the appellant which requires the appellant to show why the appeal should not be dismissed as untimely. If, within 15 days after the mailing date of the order to show cause, the appellant does not provide written evidence of timely filing *or good cause for failure to appeal timely*, the appeal shall be dismissed.

§ 443.151(4)(b)3., Fla. Stat. (2021) (emphasis added).

appeal of the referee's decision should not be dismissed as untimely. In her written interrogatory response to the show cause order, Henry explained that she mistakenly thought she had twenty *business* days, rather than twenty *calendar* days, within which to appeal the referee's decision to the Commission. The Commission then dismissed Henry's appeal for lack of jurisdiction, concluding that Henry had not established the requisite good cause for her untimely filing.

We are compelled to affirm. The referee's decision plainly informed Henry of the filing deadline for any appeal. Henry concedes she filed her appeal late due to her own misreading of the referee decision and its appeal instructions. No action or inaction by the Commission caused the untimeliness of Henry's appeal, and Henry has not otherwise asserted the existence of circumstances tantamount to a due process violation.[2] We, therefore, are unable to conclude that the Commission has somehow erred, as a matter of law, in its finding that Henry cannot invoke the benefit of the good cause exception. See Javier v. Goodwill Indus. of S. Fla., Inc., 882 So. 2d 524, 525 (Fla. 3d DCA 2004) (holding that a claimant who was confused

---

[2] See Colson v. Fla. Unemployment Appeals Comm'n, 76 So. 3d 1042, 1043 (Fla. 1st DCA 2011) (Commission contribution to untimeliness of appeal); Dumorange v. Fla. Unemployment Appeals, 947 So. 2d 472, 475 (Fla. 3d DCA 2006) (due process violation).

3

by the Unemployment Appeals Commission paperwork, and was unable to translate the documents, was not entitled to a good cause exception).

Affirmed.